**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br>              Defendant | NO. 23-CV-00255(JS) |

## <u>ORDER REMANDING CASE TO STATE COURT</u>

AND NOW, this _____ day of _____, 2023, upon consideration of Plaintiffs' Motion to Remand (ECF ___), and any response thereto; the Court finding that neither party has established this Court's subject matter jurisdiction, Plaintiffs' Motion is GRANTED and this matter is remanded to the Court of Common Pleas of Philadelphia County.  28 U.S.C. § 1447(c).

Defendants' Motion to Dismiss (ECF 11) is DENIED as moot.  The Clerk shall mark this case as closed.

BY THE COURT:

_____
                        U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>      vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>             Defendant | NO. 23-CV-00255(JS) |

## <u>PLAINTIFFS' MOTION TO REMAND</u>

Plaintiffs move the Court for an Order remanding this matter to the Court of Common Pleas of Philadelphia County, from which the case was removed.  28 U.S.C. § 1447(c).  Defendant has failed to establish the subject matter jurisdiction of this Court, as it has not demonstrated that there are more than 100 class members or that the amount in controversy exceeds $5,000,000 under CAFA, 28 U.S.C. § 1332(d).  Moreover, Defendant has not established any concrete harm that would provide Plaintiffs standing under Article III of the U.S. Constitution.  Plaintiffs incorporate the within Memorandum of Law in support.

Respectfully submitted:

Date:  2/17/2023

/s/ Cary L. Flitter
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LÓPEZ-JACOBS
FLITTER MILZ, P.C.
450 N. Narberth Ave, Ste 101
Narberth, PA 19072
(610) 822-0782
Email: cflitter@consumerslaw.com
Email: amilz@consumerslaw.com
Email: jlopez-jacobs@consumerslaw.com

**Attorneys for Plaintiffs and the Class**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>       Defendant | NO. 23-CV-00255(JS) |

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

**I.**  **INTRODUCTION**

Plaintiffs filed a consumer class action in the Court of Common Pleas of Philadelphia County alleging solely state-law causes of action arising from Defendant's improper vehicle repossession practices. Defendant Bank of America, National Association (the "Bank") removed the matter to this Court asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

The Bank's removal was improper for at least two reasons. First, the Bank fails to establish $5,000,000 in controversy and more than 100 class members, as required by CAFA, as the Bank's calculation of the number of class members and amount in controversy is not based on the class definition. Second, Plaintiffs have not alleged in their Complaint any injury-in-fact under Article III of the U.S. Constitution. Because the Court lacks subject matter jurisdiction, remand is required. 28 U.S.C. § 1447(c) ("at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Plaintiffs accordingly move to remand the case back to the Philadelphia Court of Common Pleas.

II.    **PROCEDURAL HISTORY**

On December 23, 2022, Plaintiffs Gary Nelson and Kayleigh Potter filed a Class Action Complaint in the Court of Common Pleas of Philadelphia County challenging the Bank's improper vehicle repossession practices under state law.  When the Bank, as secured party, repossesses a vehicle *ex parte*, the UCC provides clear rules for notice to the consumer before disposition of collateral in order that the debtor may protect his or her interests.  Pennsylvania law requires that secured parties like the Bank provide the borrower the right to redeem the vehicle for fifteen days from the date of mailing of the Notice. The Notice must inform the borrower of this right. 12 Pa.C.S. § 6254(3).

Plaintiffs assert that the Bank failed to act in a commercially reasonable manner as required of secured parties by failing to provide proper notices, as the Notice misstates and understates the amount of time the borrower has to redeem. Ex. 1, Complaint, ¶¶ 18–22, 32–36.  For Mr. Nelson, the Notice affords only 13 days from the date of mailing to redeem. *Id.* ¶ 22. For Ms. Potter, the Notice affords just 14 days from the date of mailing to redeem. *Id.* ¶ 29.

Plaintiffs sue on behalf of a class of Pennsylvania consumers seeking statutory damages. Ex. 1, Complaint, ¶¶ 37–39; 13 Pa. C.S. § 9625(c).  No federal claim or question is pled, and no actual damages are claimed or sought. As alleged, "Plaintiffs are not seeking to be compensated for, nor do they claim, any actual damages as a result of the Bank's non-compliance with law, rather Plaintiffs seek the minimum, statutory damages provided by the UCC for a secured party's failure to comply with the default chapter of Article 9, 13 Pa C.S. 9625(c)(2)." Ex. 1, Complaint ¶ 55.

On January 20, 2023, the Bank filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441, 1446. ECF 1.[1]  The basis of this Court's jurisdiction is stated to be the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  ECF 1, Notice of Removal at ¶ (1).

On February 10, 2023, the Bank filed a Motion to Dismiss. ECF 11.  In its Motion, the Bank acknowledges that neither Nelson nor Potter claimed to be "adversely impacted" by the short notice.  Bank's Brief, ECF 11-1 at p. 14 of 17. The Bank also acknowledged that, "Most notably, neither Plaintiff avers that they suffered any injury arising out of their specific circumstances apart from the alleged violation of [Pennsylvania law]." *Id.* at p. 15 of 17.

The Bank's imprecise calculation of the amount-in-controversy and number of class members is not based on the class definition, and neither party has alleged an injury that confers standing under Article III of the U.S. Constitution.  Accordingly, the matter should be remanded to the Court of Common Pleas of Philadelphia County. 28 U.S.C. § 1447(c).

## III.   LEGAL ARGUMENT

### A. The Bank has Failed to Establish the Requisite Number of Class Members and Amount in Controversy for CAFA Jurisdiction.

"Federal courts are courts of limited jurisdiction . . . [and] it is to be presumed that a cause of action lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "It is well-settled law that '[courts] presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.'" *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 288 (3d Cir. 2018) (refusing to adopt presumption of harm for purposes of Article III standing in light of presumption against jurisdiction).

---

[1]     As the Bank notes, Plaintiffs filed a prior action in the Court of Common Pleas of Philadelphia, which the Bank removed but was voluntarily dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Plaintiffs refer to that dismissed action as the "Prior Action."

CAFA affords district courts original jurisdiction over civil actions where the removing defendant demonstrates, by a preponderance of the evidence: "(1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500, 507 (3d Cir. 2014).  The removing party bears the burden of establishing all of these elements. *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006). A defendant must justify its jurisdictional assertions with some objective factual basis. *See Id.* at 474–75.

It should go without saying that the removing party's proffered calculation of the number of class members and amount in controversy must be based on the Plaintiff's proposed class definition. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). "[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim **of each person who falls within the definition of [the] proposed class** and determine whether the resulting sum exceeds $5 million." *Id.* (emphasis added); *see also Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 607 (D.N.J. 2016) ("Under the plain language of § 1332(d), only those who fall within the proposed class definition set forth by the plaintiff are considered for purposes of determining CAFA jurisdiction.").

The Bank has not demonstrated that the class, as defined, is more than 100 members and results in an amount-in-controversy that exceeds $5 million. 28 U.S.C. § 1332(d)(6).  This is because the Bank's proffered calculation is not based on the class definition as pleaded by Plaintiffs.  As alleged in their Complaint, Plaintiffs seek certification of a Class consisting of All Persons:

> (a) who financed the purchase of a motor vehicle for consumer use through the Bank by means of an installment sale contract, or who financed the purchase through another entity but such installment sale contract was thereafter assigned to the Bank;

4

(b) from whom the Bank, as secured party, repossessed the vehicle or ordered it repossessed;

(c) who had a Pennsylvania address as of the date of repossession;

(d) who were sent a post-repossession Notice of Plan to Sell Property or equivalent post-repossession notice of rights **which set forth a date after which the collateral may be sold that was less than 15 days from the date the notice was mailed to the debtor (not counting the day the notice was mailed)**;

(e) in the period commencing six years prior to the date of filing of the Complaint through the date of class certification.

Ex. 1, Complaint ¶ 41 (emphasis added). Subparagraph (d) of the class definition specifies that the form of notice sent must "set forth a date after which the collateral may be sold that was less than 15 days from the date the notice was mailed to the debtor (not counting the day the notice was mailed)."

The bank has chosen to shoulder its burden of establishing subject matter jurisdiction by submitting a singular declaration—that of Cheryl Gil, who is employed with the Bank as Vice President, Executive Business Support Manager II, Credit Assistance. ECF 1-5 at p. 2 of 12. Ms. Gil, however, based her calculation of 1,041 class member accounts by counting all borrowers whose vehicle was repossessed during the six-year limitations period, apparently ignoring the key limitation of the class parameters set forth in paragraph 41(d) of the Class Complaint. Ms. Gil explains:

> To determine the size of the putative class in this matter, I, together with BANA employees acting under my direction, conducted a review of BANA's business records to identify persons who: (a) who financed the purchase of a motor vehicle for consumer use through BANA or who financed the purchase through another entity but such finance agreement was thereafter assigned to BANA; (b) from whom BANA, as secured party, repossessed the vehicle or ordered it repossessed; (c) who had a Pennsylvania address as of the date of repossession; (d) in the period commencing six years prior to the date of filing of the Complaint through

the date of class certification.  Based upon my review, I identified approximately 1,041 accounts that fit this criteria.

ECF 1-5, Gil Declaration ¶ 5.  The Bank's calculation of the number of accounts does not reflect the class as defined, as the Bank's count completely omits the limiting criterion that the form of notice "set forth a date after which the collateral may be sold that was less than 15 days from the date the notice was mailed to the debtor (not counting the day the notice was mailed)." ECF 1-4, Complaint ¶ 41(d).  Because the Bank's calculation is based on an inapposite, more expansive class definition, not the actual class definition, the Bank fails to demonstrate by a preponderance of the evidence that the class exceeds 100 class members and an amount in controversy in excess of $5,000,000. [2]

Courts have rejected efforts to invoke CAFA jurisdiction where the removing defendant does not base its calculation of the class size and amount in controversy on the plaintiff's class definition. In a strikingly similar case, *James v. Santander Consumer USA, Inc.*, No. 15-654, 2015 WL 4770924 (D. Md. Aug. 12, 2015), the plaintiff alleged a class consisting of all persons whose vehicles were repossessed and who did not receive proper pre- and post-sale notifications. *Id.* at *3.  In its removal notice, however, Santander defined the class as all persons whose vehicles were repossessed, regardless of the content of the notice. *Id.* The court found Santander's overly broad

---

[2]      The first iteration of this class complaint was filed in the Court of Common Pleas and removed to this Court on Nov. 4, 2022, docket No. 2:22-cv-4440. Upon examining the Notice of Removal, Plaintiffs' counsel reached out to bank counsel to ask how many of the 1041 class members as attested by the bank were provided "short-notice"—*i.e.*, less than 15 days' notice. Bank counsel stated that the Bank had not yet compiled that figure. Wanting to assure that the correct figure had been used by the Bank for removal purposes, Plaintiffs took a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i).

      Plaintiffs then reframed the class definition to specifically only include borrowers who were sent "short-notice"—*i.e.*, less than the statutory 15 days—and filed a new Class Complaint in the Court of Common Pleas on Dec. 23, 2022 (docketed in the Court of Common Pleas as Dec. Term 2022, No. 02205). The Bank then removed this new Class Complaint to this Court (properly noting this to be a related case to the earlier-filed action) at this docket number 2:23-cv-00255. But the Bank's calculation instantly of class size at 1,024 (ECF 1, at p. 5 of 15, ¶ 20) is nearly identical to the attestation of 1041 repossessions in the prior removal papers. *See* 2:22-cv-4440 at ECF 1 at p. 4 of 12, ¶ 16.

calculation failed to establish by a preponderance of evidence the requisite class size and amount in controversy. *Id.* "Santander cannot define the class more broadly than the complaint does in its notice of removal in order to confer jurisdiction." *Id.*

Here, the Bank makes the same glaring error as the removing defendant in *James*.  The Bank bases its calculation of the number of class members and amount in controversy on its *own* class definition—one that ignores Plaintiffs' crucial class criterion that the notice sent failed on its face to afford fifteen days to redeem.  Remand is required because the Bank has failed to meet its burden of establishing this Court's subject matter jurisdiction. 28 U.S.C. § 1447(c); *Judon*, 773 F.3d at 509.

### B. Alternatively, Remand is Required Because Plaintiffs have not Alleged an Article III Injury.

Generally, "Article III standing requires a plaintiff to demonstrate: '(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief.'" *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022).  Standing must be demonstrated "separately for each form of relief sought," and "at all stages of litigation." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021).  Where the plaintiff does not allege in the Complaint an injury-in-fact, remand is required. *See Duncan v. Sacor Fin., Inc.*, No. 2:22-CV-02742-SDW-CLW, 2022 WL 16722236, at *4 (D.N.J. Oct. 19, 2022).[3]

Here, as a threshold matter, Plaintiffs did not plead an Article III injury-in-fact.  Plaintiffs assert that the "Bank failed to provide Plaintiffs and the class with the proper notice of repossession and disposition of collateral required by Pennsylvania Law." ECF 1-4, Complaint ¶ 2.  Notably,

---

[3]      The presence of CAFA jurisdiction does not vitiate the requirement of standing, as standing is a "hard floor of Article III jurisdiction that cannot be removed by [the CAFA] statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).

however, "Plaintiffs are not seeking to be compensated for, nor do they claim, any actual damages as a result of the Bank's non-compliance with law, rather Plaintiffs seek the minimum, statutory damages provided by the UCC[.]" ECF 1-4, Complaint ¶ 55.  Plaintiffs here have not alleged, nor do they seek to demonstrate, any concrete or actual harm from Defendants' failure to provide proper notice under the UCC.  No injury is required to be suffered or proven to recover the statutory minimum damages, which are awarded "in any event" and "regardless of any injury that may have resulted." 13 Pa.C.S. § 9625(c)(2) & Comment 4.  As explained by the Superior Court, "the drafters included this language in the Official Comment, and removed the requirement for an aggrieved debtor/obligor to prove actual damages in order to recover statutory damages under section 9625, in recognition of the inherent difficulty for a claimant to quantify and prove actual damages." *Cubler v. TruMark Fin. Credit Union*, 83 A.3d 235, 242 (Pa. Super. 2013).

Indeed, the Bank essentially argues to this Court that Plaintiffs suffered no Article III injury-in-fact, as it acknowledges in its Motion to Dismiss that Plaintiffs were not "adversely impacted by the notice" and the lack of "any injury arising out of their specific circumstances apart from the alleged violation of [Pennsylvania law]." ECF 11-1 at pp. 14–15 of 17.

As no injury-in-fact is alleged, this presents an independent basis for the Court to find that subject matter jurisdiction is lacking. *See Duncan*, 2022 WL 16722236, at *4 ("By refraining from alleging a concrete injury in fact, Duncan has precluded the prospect of a federal forum deciding his claims.  Remand is required.  *See Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537 (3d Cir. 1994) ("if a district court finds that a plaintiff in a removed case does not have standing, it will remand the case to the state court").

IV.     **CONCLUSION**[4]

The Court should remand this matter back to the Philadelphia County Court of Common Pleas because the Bank has not demonstrated that the Court has subject matter jurisdiction under CAFA and Article III of the U.S. Constitution to adjudicate Plaintiffs' state law claims.

Respectfully submitted:

Date:  2/17/2023

/s/ Cary L. Flitter
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LOPEZ-JACOBS
FLITTER MILZ, P.C.
450 N. Narberth Avenue
Suite 101
Narberth, PA 19072
(610) 822-0782
Email: cflitter@consumerslaw.com
Email: amilz@consumerslaw.com
Email: jlopez-jacobs@consumerslaw.com

**Attorneys for Plaintiffs**

---

[4]     The removal statute allows the award of attorney fees and expenses incurred as a result of an improper removal. 15 U.S.C. § 1447(c). If, upon review of this Motion, the Bank consents to remand, Plaintiffs waive any claim to counsel fees and expenses.  If, however, the Bank opposes remand, Plaintiffs reserve the right to request such fees and expenses.

## CERTIFICATE OF SERVICE

I, CARY L. FLITTER, do hereby certify that a true and correct copy of the foregoing Motion to Remand and Memorandum of Law has been filed electronically and is available for viewing and downloading from the ECF system.  A copy of the foregoing is also being sent via email to:

K. Issac deVyver (Pa. Id. 202655)
Karla L. Johnson (Pa. Id. 307031)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-7927
Facsimile: (412) 667-7992
Email: kdevyver@mcguirewoods.com
Email: kjohnson@mcguirewoods.com

Brian E. Pumphrey (*pro hac vice*)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-7745
Facsimile: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

**Attorneys for Defendant**

Date:  2/17/2023

*/s/ Cary L. Flitter*
CARY L. FLITTER