# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | Civil Action No. 5:23-cv-00255-JS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BANK OF AMERICA'S RENEWED MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..................................... 2

III. LEGAL STANDARD ....................................................................................................... 4

IV. ARGUMENT .................................................................................................................... 5

    A. Plaintiffs Cannot State a Claim Under the Motor Vehicle Sales Finance Act ......... 5

    B. Plaintiffs Likewise Fail to State a Claim Under the UCC ........................................ 7

        i. Plaintiffs Cannot Assert a UCC Commercial Unreasonableness Claim Based Solely on An Alleged Violation of the MVSFA ................................ 7

        ii. Plaintiffs Fail to Allege Facts Stating A UCC Claim .................................. 9

V. CONCLUSION ............................................................................................................... 12

## TABLE OF AUTHORITIES

Page

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...........................................................................................................5

*Baber v. Williams Ford Co.*,
 396 S.W.2d 302 (Ark. 1965) ..............................................................................................9

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ...........................................................................................................5

*Caterpillar Fin. Servs. Corp. v. Get 'Er Done Drilling, Inc.*,
 286 A.3d 302 (Pa. Super. Ct. 2022) ..............................................................................8, 10

*Chijioke-Uche v. Equifax Info. Services, LLC*,
 No. CV 19-4006, 2021 WL 2005499 (E.D. Pa. May 20, 2021) .....................................7, 9

*Chrysler Credit Corp. v. B.J.M., Jr., Inc.*,
 834 F. Supp. 813 (E.D. Pa. 1993) .....................................................................................10

*D'Happart v. First Commonwealth Bank*,
 No. GD-20-010758, 2021 WL 3825606 (Pa. Ct. Comm. Pl. Aug. 25, 2021),
 *aff'd on other grounds*, 282 A.3d 704 (Pa. Super. Ct. 2022) ..........................................6, 7

*Hudson v. Eaglemark Savings Bank*,
 No. 10-6994, 2011 WL 1755540 (E.D. Pa. May 9, 2011),
 *aff'd*, 475 F. App'x 423 (3d Cir. 2012) ...................................................................2, 10, 11

*In re Massaquoi*,
 412 B.R. 702 (Bankr. E.D. Pa. 2008) ...............................................................................10

*In re Patterson*,
 263 B.R. 82 (Bankr. E.D. Pa. 2001) ...................................................................................6

*In re Russell*,
 72 B.R. 855 (Bankr. E.D. Pa. 1987) ...................................................................................6

*James v. City of Wilkes Barre*,
 700 F.3d 675 (3d. Cir. 2012) ..............................................................................................4

*Mattia v. Allstate Ins. Co.*,
 No. CIV.A. 14-2099, 2014 WL 2880302 (E.D. Pa. June 24, 2014),
 *appeal dismissed*, No. 14-3551 (3d Cir. 2014) ..................................................................4

*Moroz v. Alexico Corp.*,
  No. 07-3188, 2008 WL 109090 (E.D. Pa. Jan. 8, 2008)......................................................5, 6

*Nawrocki v. Faulkner Ciocca Ford of Souderton*,
  No. CIV.A. 07-1827, 2007 WL 3146671 (E.D. Pa. Oct. 29, 2007).....................................6, 9

*Oliver v. City of Pittsburgh*,
  11 A.3d 960 (Pa. 2011) ...........................................................................................................7

*Prairie Vista, Inc., v. Casella*,
  297 N.E.2d 385 (Ill. App. Ct. 1973) .......................................................................................9

*Pysh v. Security Pacific Housing Service*,
  610 A.2d 973 (Pa. Super. Ct. 1992) ........................................................................................5

*Ridley v. First Nat. Bank in Albuquerque*,
  531 P.2d 607 (N.M. Ct. App. 1974) .......................................................................................9

*Savoy v. Beneficial Consumer Disc. Co.*,
  468 A.2d 465 (Pa. 1983) .........................................................................................................8

**RULES**

Fed. R. Civ. P. 12(b)(6).................................................................................................................4

**STATUTES**

12 Pa.C.S. § 6102..........................................................................................................................5

12 Pa.C.S. § 6203..........................................................................................................................5

12 Pa.C.S. § 6274..........................................................................................................................5

13 Pa.C.S. § 9610......................................................................................................................4, 8

13 Pa.C.S. §§ 9611-9614 ..............................................................................................................4

13 Pa.C.S.§ 9612.......................................................................................................................8, 9

13 Pa.C.S. § 9612(a) .....................................................................................................................8

13 Pa.C.S. § 9612(b) .....................................................................................................................8

**OTHER AUTHORITIES**

35 Am. Jur. Proof of Facts 2d 517 § 8 ..........................................................................................9

Defendant Bank of America, N.A. ("BANA") submits this Memorandum of Law in Support of its Renewed Motion to Dismiss Plaintiffs' Class Action Complaint (Dkt. 1) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiffs Gary Nelson and Kayleigh Potter ("Plaintiffs") filed, and BANA removed to this Court, a class action complaint alleging BANA violated Pennsylvania law with respect to the notices it sent to Plaintiffs and a putative class of consumer auto loan borrowers within the Commonwealth following the repossession of the borrowers' vehicles. Plaintiffs contend these notices rendered the disposition of the repossessed vehicles commercially unreasonable under the Uniform Commercial Code ("UCC"), entitling Plaintiffs and their proposed class to statutory damages. However, as explained below, Plaintiffs' theory is legally insufficient, and the Complaint is devoid of any plausible facts to state a claim.

Plaintiffs assert in a single Count that BANA violated the UCC's requirement of commercial reasonableness by sending them post-repossession notices that allegedly provided them 13- and 14-days' notice to redeem or reinstate their vehicles, instead of 15 days, which Plaintiffs contend is required by the UCC. But the 15-day requirement upon which Plaintiffs' entire case rests is not found anywhere in the UCC. Instead, Plaintiffs are relying on a separate statute, the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"), which categorically does not provide borrowers with a private right of action.

In an apparent attempt to circumvent that the MVSFA does not provide a right of action, Plaintiffs try to cleverly plead that an alleged violation of the MVSFA renders the disposition of a vehicle *per se* commercially unreasonable under the UCC, without regard to the fact that the UCC specifically states that commercial reasonableness is a fact intensive inquiry that is individualized

1

and specific to each borrower.  Indeed, Plaintiffs have failed to plead any facts establishing that the notice they received from BANA, or subsequent disposition of their vehicles, was commercially unreasonable due to the time BANA provided them in their notices to redeem or reinstate.  In other words, Plaintiffs have failed to meet the UCC's requirement of establishing that BANA's notice were commercially unreasonable *as to them*.  This pleading requirement is not only established by the UCC, but also by the relevant case law.  *See Hudson v. Eaglemark Savings Bank*, No. 10-6994, 2011 WL 1755540 (E.D. Pa. May 9, 2011), *aff'd*, 475 F. App'x 423 (3d Cir. 2012).  Accordingly, because Plaintiffs have failed to state a claim and did not cure these defects after presented with the arguments during the parties' pre-motion meet and confer, BANA respectfully requests that this Court dismiss the Complaint with prejudice.

## II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On December 23, 2022, Plaintiffs filed the Complaint in the Court of Common Pleas of Philadelphia County.[1]  *See* Dkt. 1.  BANA timely removed on January 20, 2023 under the Class Action Fairness Act.  *Id.*  Pursuant to this Court's procedures, BANA met and conferred with counsel for Plaintiffs to provide notice of potential "curable defects" that could be addressed by way of amendment of the Complaint.  Plaintiffs have elected against amending the Complaint, so BANA proceeded with this Motion to Dismiss under Rule 12(b)(6) on February 10, 2023.  Dkt. 11.  Thereafter, Plaintiffs moved to remand and sought to hold BANA's dismissal briefing in abeyance.  Dkt. 12, 13.  BANA's dismissal briefing was then deferred pending a decision on the motion for

---

[1] This is the second Complaint filed by these Plaintiffs against BANA making these very allegations.  On September 28, 2022, Plaintiffs filed a nearly identical complaint in the Court of Common Pleas of Philadelphia County (the "Original Complaint").  BANA timely removed on November 4, 2022 under the Class Action Fairness Act.  *See Nelson v. Bank of America, N.A.*, No. 22-cv-04440 at ECF 1.  BANA then filed a Motion to Dismiss the Original Complaint arguing the same points as stated herein, but Plaintiffs voluntarily dismissed the action and refiled the instant complaint.  *Id.* at ECF 11, 12.

2

remand. Dkt. 16. Following briefing on the motion for remand, this Court issued an Order denying Plaintiffs' motion for remand. Dkt. 20, 21. Plaintiffs have since sought reconsideration of the decision denying remand and have moved to stay further briefing on BANA's motion to dismiss pending such review. Dkt. 22, 23. Pursuant to this Court's Order dated February 24, 2023, BANA is filing its motion to dismiss within 14 days of the Court's ruling on the remand motion. Dkt. 16. BANA again met and conferred with Plaintiffs' counsel regarding the arguments set forth herein, and again Plaintiffs did not indicate that they would amend their Complaint.

The Complaint alleges that Plaintiff Gary Nelson financed a 2013 Ford Explorer with BANA on or about February 24, 2016 through a Retail Installment Sale Contract ("RISC"). *Id.* ¶¶ 11-12. Nelson failed to make payments as required by the RISC. In or around May 2021, the Complaint alleges that BANA declared Nelson in default on his auto loan and subsequently repossessed Nelson's vehicle. *Id.* ¶¶ 14-15. Plaintiffs allege that Nelson then received a notice titled "Notice of Plan to Sell Property" dated May 13, 2021, which was sent via certified mail a day later and stated Nelson's vehicle would be sold at auction "sometime after May 27, 2021." *Id.* ¶¶ 17, 21. Plaintiffs posit that this notice violated the 15-day requirement in the MVSFA by two days and thus rendered BANA's actions commercially unreasonable. *Id.* ¶ 23.

Plaintiffs allege that on or about March 8, 2017, Plaintiff Kayleigh Potter financed a 2017 Chevrolet Impala through a RISC later assigned to BANA. *Id.* ¶¶ 24-25. Potter failed to make payments as required by the RISC. In or around September 2021, Plaintiffs allege BANA declared Potter's auto loan in default and subsequently repossessed Potter's vehicle. *Id.* ¶¶ 27-28. The Complaint then alleges that the Notice of Plan to Sell Property received by Potter dated September 29, 2021 understated the time in which she could redeem by one day by stating BANA would sell the vehicle "sometime after October 13, 2021." *Id.* ¶¶ 29-30. To be clear, Plaintiffs do

not allege that BANA did in fact sell the Plaintiffs' vehicle on the dates listed on the notices for Nelson and Potter; rather, Plaintiffs allege that the Notices stated the vehicle could be sold sometime after the date listed, and that date was allegedly a day or two short of 15 days.

Plaintiffs assert a single cause of action in their Complaint for violation of the UCC, asserting that BANA "failed to act in a commercially reasonable manner by failing to provide a proper timely Notice, 13 Pa. C.S. §§9610, 9611-9614." *Id.* ¶ 56. Plaintiffs seek to bring this UCC violation on behalf of a class of consumers who had a Pennsylvania address on the date of repossession of their vehicle and received a similar notice, from December 23, 2016 to the present. *Id.* ¶ 41. Plaintiffs allege that each Notice of Plan to Sell Property sent by BANA to consumers across Pennsylvania (the "Notices") were similarly deficient in providing less than 15 days between the date of the Notice and the date upon which BANA may sell the vehicle. *Id.* ¶¶ 23, 31. Importantly, this alleged requirement is not found in the UCC, but is rather found in the MVSFA. The Complaint alleges that this purported violation of the MVSFA entitles each class member to statutory damages under the UCC.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may "dismiss[] a complaint, in whole or in part, for failure to state a claim upon which relief can be granted." *Mattia v. Allstate Ins. Co.*, No. CIV.A. 14-2099, 2014 WL 2880302, at *1 (E.D. Pa. June 24, 2014), *appeal dismissed*, No. 14-3551 (3d Cir. 2014). In deciding a Rule 12(b)(6) motion, the Court must accept the well-pleaded factual allegations as true and "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes Barre*, 700 F.3d 675, 679 (3d. Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint is properly dismissed under Rule 12(b)(6) where the facts alleged fail to "raise a right to relief above the speculative level." *Twombly*, at 555.

### IV.    ARGUMENT

#### A.    Plaintiffs Cannot State a Claim Under the Motor Vehicle Sales Finance Act.

While not pled as a specific cause of action, Plaintiffs in essence are asserting the Notices violated a 15-day redemption period between the mailing of the Notice and planned disposition of the vehicle set forth in the MVSFA. However, the MVSFA does not contain a private right of action and cannot form the basis for a direct cause of action. The MVSFA's express terms make clear only the Department of Banking and Securities of the Commonwealth of Pennsylvania ("the Department") may enforce the MVSFA's requirements. *See* 12 Pa.C.S. § 6102; *see also Pysh v. Security Pacific Housing Service*, 610 A.2d 973, 978-79 (Pa. Super. Ct. 1992) (the Department "is charged with administration and enforcement of the MVSFA"). When the MVSFA was enacted, it explicitly limited enforcement of its provisions to the Department of Banking. *See* 12 Pa.C.S. § 6203 ("the [D]epartment has the authority to . . . [i]nvestigate . . ."). Although the MVSFA has been amended numerous times since its enactment in 1947, the Pennsylvania Legislature has never added a private right of action to the statute or provided for recovery of damages by a civil litigant. *See, e.g.*, 12 Pa.C.S. § 6274 (violations "shall be subject to a civil penalty levied by the [D]epartment . . .").

While the Pennsylvania Supreme Court has not addressed the issue, several Pennsylvania courts, including the Eastern District of Pennsylvania, have held that the MVSFA has no private right of action. *See Moroz v. Alexico Corp.*, No. 07-3188, 2008 WL 109090, at *7 (E.D. Pa. Jan. 8, 2008) (MVSFA's "exclusive enforcement mechanism [by] the Banking Department[] . . . confirms that the Legislature sought to penalize excessive mark-ups through regulatory action alone");

5

*Nawrocki v. Faulkner Ciocca Ford of Souderton*, No. CIV.A. 07-1827, 2007 WL 3146671, at *6 (E.D. Pa. Oct. 29, 2007) (holding that a provision-by-provision analysis is necessary and that there is no private right of action for a "defective repossession notice"); *In re Patterson*, 263 B.R. 82, 93 n.18 (Bankr. E.D. Pa. 2001) ("the MVSFA provides no private cause of action to remedy a violation thereunder") (citing *In re Russell*, 72 B.R. 855 (Bankr. E.D. Pa. 1987)); *D'Happart v. First Commonwealth Bank*, No. GD-20-010758, 2021 WL 3825606, at *9 (Pa. Ct. Comm. Pl. Aug. 25, 2021) ("There is also no private right of action under the MVSFA."), *aff'd on other grounds*, 282 A.3d 704 (Pa. Super. Ct. 2022).

In *Nawrocki*, the plaintiffs brought claims asserting that defendant's notice of repossession violated the MVSFA. *See Nawrocki*, 2007 WL 3146671, at *4-5. The court found the MVSFA did not provide for a private right of action and dismissed the plaintiffs' MVSFA claim. *Id.* at *5-6. The Court held "the MVSFA does not make a defective repossession notice in and of itself the subject of an implied cause of action." *Id.* at *6.

In *Moroz*, this Court again held that the MVSFA does not permit a private right of action. 2008 WL 109090, at *8. There, the court reviewed the legislative history of the MVSFA, and concluded that the MVSFA could not be enforced independently or through another statute. *Id.* at *7. The Court explained that when the Legislature intends to make the requirements of one statute a violation of another, the Legislature explicitly states so within the statute. *Id.* The Court held that "[t]he Legislature's failure to include such a provision in the MVSFA—especially when it included the provision in other statutes—suggests strongly that the Legislature did not intend an MVSFA violation to be a *per se* [] violation [of another statute]." *Id.*

6

And most recently, in *Chijioke-Uche v. Equifax Info. Services, LLC*, this Court, relying on *Nawrocki*, reaffirmed that the "the repossession provisions of the MVSFA do not contain a private right of action." No. CV 19-4006, 2021 WL 2005499, at *8 (E.D. Pa. May 20, 2021).

In sum, this Court has consistently held civil litigants do not have a private right of action under the MVSFA, and the MVSFA does not provide a civil remedy to private plaintiffs. Accordingly, to the extent that Plaintiffs are attempting to bring a claim against BANA for an alleged violation of the MVSFA, Plaintiffs have failed to state a claim and their Complaint should be dismissed.

      **B.     Plaintiffs Likewise Fail to State a Claim Under the UCC.**

          **i.     Plaintiffs Cannot Assert a UCC Commercial Unreasonableness Claim Based Solely on An Alleged Violation of the MVSFA.**

Likely acknowledging the lack of private right of action to enforce the MVSFA, Plaintiffs contend the MVSFA and the UCC should be read together using the *in pari materia* tool of statutory interpretation in order to create an otherwise non-existent right to sue for damages under the MVSFA. Compl. ¶ 18. At least one Pennsylvania court has rejected this argument, even dismissing the theory outright for "mixing and matching two separate statutes" by attempting to interject "MVSFA claims through the commercial reasonableness provision of § 9610(b) of the [UCC]." *D'Happart*, 2021 WL 3825606, at *9, *aff'd on other grounds*, 282 A.3d 704 (Pa. Super. Ct. 2022). Where the "statutory language in the relevant UCC and MVSFA provisions is clear and unambiguous," the court "may not resort to the rules of statutory construction, including *in pari materia*." *Id.* (citing *Oliver v. City of Pittsburgh*, 11 A.3d 960, 965 (Pa. 2011)).

That said, the Court here need not resort to statutory interpretation because the UCC is clear and unambiguous as to the timing of a notice, expressly providing that the timeliness inquiry is fact-intensive. In Section 9612, the UCC states that "[e]xcept as otherwise provided in

7

subsection (b) [pertaining to nonconsumer loans], whether a notification is sent within a reasonable time is a *question of fact*." 13 Pa.C.S. § 9612(a) (emphasis added). The UCC clearly contemplates that for consumer loans, a court must endeavor to determine whether the notice was timely in context; indeed, it negates any inference that a minimum time period is required to satisfy the timeliness factor. No better is this concept demonstrated than by the official comment published with the UCC timeliness section:

> Section 9-611(b) requires the secured party to send a "reasonable authenticated notification." Under that section, as under former Section 9-504(3), one aspect of a reasonable notification is its timeliness. This generally means that the notification must be sent at a reasonable time in advance of the date of a public disposition or the date after which a private disposition is to be made. A notification that is sent so near to the disposition date that a notified person could not be expected to act on or take account of the notification would be unreasonable.

*Id.* cmt. 2.[2] This is further supported by the test for commercial reasonableness under Section 9610 of the UCC, which requires the Court to consider the "the totality of circumstances" in its determination. *Savoy v. Beneficial Consumer Disc. Co.*, 468 A.2d 465, 467 (Pa. 1983).

Courts in other jurisdictions interpreting their state's UCC timeliness requirements similarly hold that the inquiry is fact-intensive, stating that the focus should be on the "circumstances of the individual debtor, the relative locations of the parties, and such factors as the effect of holidays or weekends, when the banks may be closed, that may intervene between the

---

[2] Further, even where Section 9612(b) (which only pertains to commercial loans) provides a 10-day window to satisfy the timeliness factor, the official comment clarifies that this is "not a minimum requirement" but rather a "safe harbor" to prevent liability. A recent opinion from the Pennsylvania Superior Court confirms this comment: there, the appellate court affirmed the trial court's grant of summary judgment to the financial institution where auction for sale of commercial equipment beginning on the tenth day after notification was reasonable because the debtor had sufficient opportunity to redeem and because it was not "prejudiced by the erroneous dates contained in the notice." *Caterpillar Fin. Servs. Corp. v. Get 'Er Done Drilling, Inc.*, 286 A.3d 302, 312-13 (Pa. Super. Ct. 2022). The UCC clearly provides for a fact-intensive analysis of the timeliness requirement and rejects a minimum requirement.

8

sending of the notice and the time of sale." 35 Am. Jur. Proof of Facts 2d 517 § 8 (citing *Ridley v. First Nat. Bank in Albuquerque*, 531 P.2d 607, 608 (N.M. Ct. App. 1974)); *see also Baber v. Williams Ford Co.*, 396 S.W.2d 302 (Ark. 1965) (holding timeliness was a question of fact for the jury); *Prairie Vista, Inc., v. Casella*, 297 N.E.2d 385 (Ill. App. Ct. 1973) (affirming determination upon presentation of evidence that two days' notice, where first day was a holiday, was unreasonable).

Plaintiffs' theory that an alleged violation of the MVSFA is tantamount to *per se* commercial unreasonableness under the UCC without more is inconsistent with the plain language of the UCC, which clearly and unambiguously provides that the timeliness determination is a "question of fact." 13 Pa.C.S. § 9612. That the Pennsylvania Legislature separately provided a 15-day window in a statute that has no private right of enforcement—both before and after amendment in 2014[3]—cannot provide a *per se* test for determining whether a lender is liable for *UCC damages*. Because Plaintiffs cannot rely solely on the MVSFA to establish their UCC claim, they must independently allege facts to state a violation of the UCC itself—which they have not done.

        ii.        **Plaintiffs Fail to Allege Facts Stating A UCC Claim.**

Plaintiffs allege that BANA violated the UCC by failing "to act in a commercially reasonable manner by failing to provide a proper timely Notice." Compl. ¶ 54. However, Plaintiffs' Complaint is completely devoid of facts that support this contention, and consequently

---

[3] Pennsylvania amended the MVSFA in late 2014 to add several substantive provisions but notably did not add the right for a private cause of action that had been deemed absent by the courts in preceding years. *See, e.g.*, *Nawrocki*, 2007 WL 3146671, at *6 (holding no right of action in 2008); *Chijioke-Uche*, 2021 WL 2005499, at *8 (holding no right of action in 2021). If the legislature was concerned that consumers were unable to enforce the provisions of the MVSFA, as opposed to the state, it had the opportunity to add that when the MVSFA was amended less than ten years ago.

they have failed to state a claim under the UCC.[4]  "The notice requirement is aimed at protecting a debtor from the 'unfair imposition of a deficiency claim by allowing him to attend or bring other potential buyers to the sale, thereby preventing a disposition of the collateral for less than its fair market value.'"  *In re Massaquoi*, 412 B.R. 702, 708 (Bankr. E.D. Pa. 2008) (quoting *Chrysler Credit Corp. v. B.J.M., Jr., Inc.*, 834 F. Supp. 813, 833 (E.D. Pa. 1993)); *see also Caterpillar Fin. Servs.*, 286 A.3d at 312 (affirming summary judgment to financial institution where commercial debtor failed to demonstrate it was prejudiced by auction beginning on the tenth day after the date listed on the notice).  Without facts establishing this interest was adversely impacted by the notice period provided, which as Plaintiffs themselves admit was 13 or 14 days, the UCC claim is not plausibly alleged.

Indeed, on-point case law deems the allegations in the Complaint, or lack thereof, insufficient.  In *Hudson v. Eaglemark Savings Bank*, the plaintiff alleged on behalf of a class of consumers that the lenders involved had violated the UCC by providing him a notice period of 10 days between when his motorcycle was repossessed and the first date the lenders may initiate a sale of the motorcycle.  2011 WL 1755540, at *1.  The plaintiff alleged only that 10 days was "unreasonable" and thus violated the timeliness requirement of the UCC.  The court disagreed, instead holding the plaintiff's "mere assertion that notice was unreasonable" to be "insufficient to state a claim upon which relief may be granted."  *Id.* at *5.  The court went on to explain that in the absence of, for example, "facts suggesting that Plaintiff could not act on or take account of the

---

[4] BANA made this same argument in its Motion to Dismiss the Original Complaint before Plaintiffs voluntarily dismissed the action and refiled.  *See supra* n.1; *Nelson v. Bank of America, N.A.*, No. 22-cv-04440 at ECF 11.  However, Plaintiffs did not add any allegations of fact regarding alleged prejudice they may have faced due to the timing of the notice.  Plaintiffs had the opportunity to proffer these allegations but instead chose to rely only on the cursory assertion that the notice is *per se* unreasonable.  Thus, leave to amend should not be granted because Plaintiffs have failed to cure the deficiencies previously identified by BANA.

notification in a ten day period, the bald assertion that the notice period was unreasonable is simply implausible." *Id.* The Third Circuit affirmed the trial court's dismissal of the claim, holding the plaintiff's "conclusory assertion that the notice was unreasonable, without facts showing how he could not be expected to act in response to the notice or take account of the notice, was insufficient." *Hudson*, 475 F. App'x at 426-27. Plaintiffs' counsel here was counsel for the plaintiff in *Eaglemark*.

As in *Eaglemark*, Plaintiffs here have failed to allege any facts to support the contention the Notices were "commercially unreasonable." Compl. ¶ 56. The Complaint is devoid of any allegation that 13- or 14-days' notice—the time Plaintiffs Nelson and Potter allege they were provided—was inadequate and did not provide a sufficient amount of time to protect their interests. Even if, for example, Plaintiffs alleged that one or two more days could have impacted their ability to redeem (they do not), that fact would not change the applicable legal standard that asks whether 13 or 14 days would be a reasonable amount of time under the circumstances. Indeed, neither Plaintiff alleges that they even attempted to redeem their vehicle or otherwise protect their interests, and neither allege that they inquired with BANA on or after the date of the notice to determine whether there was still opportunity to redeem. *See generally* Compl. Most notably, neither Plaintiff avers that they suffered any injury arising out of their specific circumstances apart from the alleged violation of the MVSFA. At bottom, there is not a single allegation in the Complaint that states a plausible claim that the Notices were commercially unreasonable as to these Plaintiffs.

Because Plaintiffs have failed to allege any facts supporting their contention the Notices were commercially unreasonable, and because they cannot rely on a separate statutory scheme to prop up that bald assertion, the claim should be dismissed.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Class Action Complaint with prejudice pursuant to Federal Rule 12(b)(6). Plaintiffs were provided an opportunity to cure these defects when presented with these arguments during a meet and confer, but they chose to stand on insufficient allegations without amendment.

Dated: May 26, 2023

Respectfully submitted,

**McGUIREWOODS LLP**

/s/ *K. Issac deVyver*
K. Issac deVyver (Pa. Id. 202655)
Karla Johnson (Pa. Id. 307031)
McGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6057
Facsimile: (412) 402-4187
Email: kdevyver@mcguirewoods.com
Email: kjohnson@mcguirewoods.com

Brian E. Pumphrey (*pro hac vice*)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-7745
Facsimile: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

*Attorneys for Defendant*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 26, 2023.

*/s/ K. Issac deVyver*
K. Issac deVyver

*Attorney for Defendant*
*Bank of America, N.A.*