IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated : : : : v. : : BANK OF AMERICA, NATIONAL : ASSOCIATION : | CIVIL ACTION NO. 23-0255 |

## **ORDER**

AND NOW, this 7th day of June, 2023, upon consideration of Plaintiffs' Motion for Reconsideration or Clarification of Order Denying Remand (Document No. 22) and Defendant's Response in Opposition, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *United States ex rel. Schumann v. Astra Zeneca Pharm., L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). Such a motion should be granted only where the moving party shows at least one of the following grounds: (1)" an intervening change in the controlling law;" (2) "the availability of new evidence that was not available" when the court issued its initial ruling; or (3)" the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (quoting *Schumann*, 769 F.3d at 848-49. "Motions for reconsideration are not designed to provide litigants a 'second bite at the apple.'" *United States v. Jackson*, Crim. No. 18-216, 2020 U.S. Dist. LEXIS 87670, at *3 (W.D. Pa. May 19, 2020)(quoting *Bhatnagar v. Surrendra Overseas Ltd*, 52 F.3d 1220, 1231 (3d Cir. 1995)). Nor are they to be used to relitigate old matters, to "rehash" issues the court already decided, to ask a district court to rethink a decision it, rightly or wrongly, already made, or to raise arguments or present evidence that could have been raised previously. *Reardon v. New Jersey*, 822 F. App'x 153, 155 (3d Cir. 2020); *United States v. Bonfilio*, Crim. No. 09-205, 2017 U.S. Dist. LEXIS 4544, at *4 (W.D. Pa. Jan. 12, 2017).

Plaintiffs argue this Court clearly erred in finding Defendant met its burden of establishing the minimum class size and amount in controversy requirements for federal jurisdiction under the Class Action Fairness Act and that the parties possess the requisite constitutional standing to proceed in federal court. Plaintiffs are thus re-making the same arguments they previously made in support of their motion to remand and are merely asking the Court to rethink its decision to deny the motion. As articulated in the May 18, 2023 Memorandum Opinion, this Court clearly and

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,          C.J.

---

carefully analyzed the issues raised in the remand motion and briefing and the evidentiary materials submitted by the parties.  In reviewing that decision now, the Court finds no reason to overturn it.  Plaintiffs' motion to reconsider is denied.

The Court further finds no reason to "clarify" the May 18 Memorandum and Order to specifically provide for the taking of jurisdictional discovery only.  Discovery may proceed on any and all issues in the case, including, but not limited to, the number of individuals who were sent post-repossession notices of rights which set forth a date after which the repossessed collateral could be sold that was less than 15 days from the date the notices were mailed, the principal amounts of the Retail Sales Installment Contracts belonging to those individuals, and the amounts of the service charges they incurred.  Should that discovery subsequently reveal federal jurisdiction is lacking, the matter may then be remanded.