IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br>　　　　　　　　　Defendant | NO. 23-CV-00255(JS) |

**PLAINTIFFS' BRIEF CONTRA DEFENDANT'S RENEWED
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BRIEF STATEMNT OF THE CASE ............................................................................. 1

   A. Procedural History ..................................................................................................... 1

   B. Facts Alleged ............................................................................................................. 2

III. LEGAL ARGUMENT .................................................................................................... 3

   A. Standard on Motion to Dismiss .................................................................................. 3

   B. Plaintiffs Amply State a Claim for Relief Under the Uniform Commercial Code .............. 4

      1. Background of the Code's Protections ............................................................... 4

      2. The UCC and the MVSFA are to be Read Together ......................................... 6

      3. Plaintiffs Amply State a Claim that the Bank Failed to Allow Sufficient Time to Act ... 8

      4. The Bank Also Used Notices that are False and Misleading ........................... 12

IV. CONCLUSION .............................................................................................................. 14

I.   **INTRODUCTION**

This is a consumer class action arising under Article 9 of Pennsylvania's Uniform Commercial Code.  Plaintiffs sue for statutory remedy arising from Defendant Bank of America's failure, as a secured party, to send proper and timely notice of repossession rights required under Pennsylvania law.  Pennsylvania law provides a relatively brief period of 15 days' notice of rights to the consumer following a vehicle repossession before the automobile may be sent to auction.  The Bank failed to provide 15 days' notice, providing only 13- and 14-days' notice to the two-named Plaintiffs.  Believing this to be a common practice, Plaintiffs have brought this matter as a class action seeking the minimum statutory damages that the UCC provides for consumer goods transactions.

The Bank has filed a Renewed Motion to Dismiss for failure to state a claim (ECF 24) under Fed. R. Civ. P. 12(b)(6), claiming that the State Motor Vehicle Sales Finance Act's 15-day requirement for notice should not apply.  The Bank is wrong, as the appellate authorities have uniformly held.

II.   **BRIEF STATEMNT OF THE CASE**

A. **Procedural History**

Plaintiffs filed their class action complaint in the Court of Common Pleas of Philadelphia County on December 23, 2022.  On January 20, 2023, Defendant Bank removed this matter to this Court asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d); 28 U.S.C. § 1446.  Plaintiffs moved to remand the matter to state court, asserting that the Bank had not established the requisite $5M in controversy and that the Bank had not established standing under Article III of the Constitution. ECF 13.  Following briefing, the Court on May 18, 2023 issued its Order and Memorandum Opinion denying remand.  ECF 20, 21.  Plaintiffs sought reconsideration

of the Order denying remand, which this Court denied by Order dated June 7, 2023. ECF 29. By Order dated June 8, 2023 (ECF 31), the Court directed the Plaintiffs to respond to the Bank's Renewed Motion to Dismiss (ECF 24) by June 21, 2023. Plaintiffs now lodge this opposition.

### B. Facts Alleged

The operative Class Complaint in this matter was originally filed in the Philadelphia Court of Common Pleas and is in the record as an exhibit to the Bank's Notice of Removal. *See* ECF 1-4, pp 8-25 of 25. According to the Class Complaint, the Defendant Bank of America National Association ("Bank") regularly finances the purchase of automobiles for consumer use in Pennsylvania. When the Bank believes that a consumer has defaulted on a motor vehicle installment sale contract secured by a vehicle, it repossesses and then makes preparations to auction the vehicle. Class Complaint, ¶ 2. Plaintiff Gary Nelson and Plaintiff Kayleigh Potter are consumers who reside in Pennsylvania. Class Complaint ¶¶ 4, 5. The Bank is licensed by the Pennsylvania Department of Banking and Securities and regularly enters into or takes assignment of motor vehicle installment sale contracts with borrowers in Pennsylvania. Class Complaint, ¶¶ 8-10. In Plaintiff Gary Nelson's case, Mr. Nelson financed the purchase of a used car through a retail installment sale contract, the Bank financed the transaction, became the secured party, and in or about May 2021, declared a default, ordering that Mr. Nelson's car be repossessed. Class Complaint, ¶¶ 11-15. Pennsylvania law requires a post-repossession notice to the borrower advising of certain rights, which must be either delivered in person to the borrower by the Bank or sent by certified mail. On or about May 13, 2021, the Bank prepared a notice of plan to sell property addressed to Mr. Nelson and on the following day, May 14, 2021 the Bank mailed the notice to Nelson via certified mail. Class Complaint, ¶¶ 16-17. The notice to Nelson mis-states and under-states the amount of time he has to redeem the vehicle. Specifically, the date of mailing

was May 14, 2021. The fifteenth and final day for the borrower to redeem before the car can be exposed to sale would be May 29, 2021. However, the notice provided that the Bank would sell Mr. Nelson's Ford Explorer at a private sale "sometime after May 27, 2021. This is 13 days from the date of mailing the notice." Class Complaint, ¶¶ 20-22.

Plaintiff Kayleigh Potter's experience was similar. In 2017, Ms. Potter financed the purchase of a Chevrolet through a retail installment sale contract. The Bank financed the transaction or took an assignment of the RISC. In or about September 2021, the Bank declared a default and ordered that Ms. Potter's car, serving as collateral, be repossessed. Class Complaint, ¶¶ 24-28. On or about September 29, 2021, the Bank mailed to Ms. Potter a post-repossession notice of plan to sell property. The notice states that the Bank will sell the vehicle at a sale sometime after October 13, 2021. This is 14 days from the date of mailing the repossession notice. Class Complaint, ¶ 29. The Potter notice suffers from the same defects as the Nelson notice in that it mis-states and under-states the statutory time in which the borrower has to redeem. Class Complaint, ¶ 30.[1] Plaintiffs allege the Bank failed to act in a commercially reasonable manner by failing to provide a proper timely notice. Class Complaint ¶ 56. The Plaintiffs sue for statutory minimum damages as permitted in Article 9 of the UCC. Class Complaint ¶ 37.

### III. LEGAL ARGUMENT

#### A. Standard on Motion to Dismiss

The standard for judging a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is well settled. The factual allegations of the Plaintiffs' Complaint are to be taken as true and construed in the light most favorable to the Plaintiffs as non-movants. *Geness v. Cox*, 902 F.3d 344, 353-54 (3d

---

[1] The respective repossession notices were not exhibits to the Class Complaint, nor made part of the Motion to Dismiss. For completeness, Plaintiffs attach a copy of each hereto, appropriately redacted, as Exhibits "B and "C."

Cir. 2018). The Complaint must contain enough facts to state a claim to relief that is plausible on its face. *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 265 (3d Cir. 2021).

### B. **Plaintiffs Amply State a Claim for Relief Under the Uniform Commercial Code**

1. Background of the Code's Protections

This class action is bought pursuant to Pennsylvania's Uniform Commercial Code ("UCC" or "Code"), 13 Pa. C.S. § 9601 et seq., which provides protections for consumer borrowers when their vehicles are repossessed. Normally, as in the case of a mortgage foreclosure, for example, the law prohibits a creditor from seizing property of a debtor upon a claim of default without prior notice and court order. Article 9 of the UCC provides an exception to this general rule in the context of secured transactions.[2] When a borrower agrees to have a vehicle serve as collateral to a loan or finance agreement, upon the consumer's default, a secured creditor may seize the consumer's vehicle without prior notice or court approval, consistent with the terms of the finance agreement, and subject to certain statutory limitations. *See* 13 Pa. C.S. § 9609.

However, secured creditors that elect to bypass court process in favor of the UCC's self-help remedies submit themselves to the UCC's strict regulatory regime, and "every aspect of a disposition of collateral…" must be commercially reasonable." 13 Pa. C.S. § 9610(b). One aspect of commercial reasonableness is proper and timely notice of repossession. "The UCC requires a creditor to provide 'reasonable authenticated notification of disposition' after repossessing a vehicle. 13 Pa. C.S.§§ 9611." *McCall v. Drive Fin. Services, LP*, 2009 WL 8712847 *1 (Phila. CCP, Apr. 10 2009), *appeal denied*, 74 EDM 2009 (Pa. Super. Aug. 19, 2009) (copy of *McCall* is appended as Exhibit "A" hereto).

---

[2] The UCC as adopted in Pennsylvania uses the term "division" instead of "article." *See, e.g.,* 13 Pa. C.S. § 9109(a) ("General scope of division" governing secured transactions). The nomenclature does not create any substantive difference, so for clarity, Plaintiffs will continue to use the popular term "article," as in "Article 9" related to secured transactions.

4

Proper notice allows the borrower an opportunity to cure, and also to protect his or her interest in the collateral; it is required, "even if the debtor does not avail himself of the opportunities provided by the notice prior to the disposition..." *In re Massaquoi,* 412 B.R. 702, 708 (Bankr. E.D. Pa. 2008) The "notice requirement is easy to understand and apply; it is inspired by the forlorn hope that the debtor, if he is notified, will either acquire enough money to redeem the collateral or send his friend to bid for it." *Industrial Valley Bank & Trust Co. v. Nash*, 502 A.2d 1254, 1263 (Pa. Super. 1985); *accord Cosgrove v. Citizens Automobile Finance, Inc.*, 2010 WL 3370760 *3 (E.D. Pa. Aug. 26, 2010) (*quoting Nash*). The notice of repossession must be reasonable and accurate as to content, and sent in a timely manner. *See Nash*, 502 A.2d at 1263-64. These are dual and separate obligations, each of which is in issue instantly.

The UCC applies to all manner of commercial obligations, while Article 9 applies broadly to debtor-creditor relations and specifically to secured transactions. *See* 13 Pa. C.S. § 9109. There are, of course, other statutes that bear on particular types of secured transactions; this case involves consumer good transactions where the sale and finance of a motor vehicle is accomplished through a retail installment sale contract. *See* Class Complaint, ¶ 41. The Code recognizes that other statutes will also apply where the legislature seeks to provide additional protections to certain classes of individuals. *See* 13 Pa. C.S. 1103(b), cmt. 3; *see also Nash*, 502 A.2d at 1260-62. The Motor Vehicle Sales Finance chapter of the Pennsylvania Consumer Credit Code is such a statute ("MVSFA"), regulating the sale, financing, and repossession of vehicles when sold and financed through an installment sales contract. *Id.;* 12 Pa. C.S. §§ 6221, 6254. *See Whiteman v. Degnan Chevrolet, Inc.*, 272 A.2d 244, 246-47 (Pa. Super. 1970) ("the Act was designed to stop certain

unscrupulous and improper practices in the financing and sale of automobiles [including] … repossession … It was to correct these abuses that the Act [MVSFA] was passed.").[3]

### 2. The UCC and the MVSFA are to be Read Together

For decades, the cases have been virtually uniform in holding that, as respects post-repossession notice to the borrower by the secured creditor "the MVSFA and the UCC are clearly *in pari materia* since they relate to the identical thing—the sale of a repossessed motor vehicle." *Nash*, 502 A.2d at 1263, 64 (marrying the "reasonable notice" requirement of the UCC with the more specific notice requirements of the MVSFA, including the 15-days' notice requirement).

Yet, the Bank argues that the provisions of the MVSFA including the 15 days' notice requirement, 12 Pa. C.S. § 6254(c), should not be read together *in pari materia* with the notice provisions of the UCC. Bank br. 7-9. This argument as presented is curious – it essentially mirrors the original motion to dismiss filed on February 10, 2023 (ECF 11), but does not in any way recognize or address the Court's May 18, 2023 Memorandum Opinion citing these authorities holding that these two complementary statutes are to be read together. *See* ECF 20, Slip Op. at 10-11 (citing authorities).  The "stated purposes of the notice requirements of the Pennsylvania Motor Vehicle Sales Finance Act, 12 Pa. C.S. § 6254 and the relevant provisions of the Pennsylvania Uniform Commercial Code, 13 Pa. C.S. § 9601 et seq. are to promote the welfare of the inhabitants of the Commonwealth of Pennsylvania and to [regulate businesses extending consumer credit via installment sales of motor vehicles]." ECF 20, Slip Op.  at p. 10-11 of 12 (May 18, 2023).

The Bank at p. 7 cites to one Court of Common Pleas decision out of Allegheny County where that Court declined to read the MVSFA *in pari materia* with the Code but on a different

---

[3] The current version of the MVSFA was codified in 2014 as part of the Consumer Credit Code.  The earlier version of the MVSFA was previously codified in pertinent part at 69 P.S. § 623 (repealed and re-enacted without substantive change, 2013, Nov. 27, P.L. 1081, No. 98, § 9(2), eff. Dec. 1, 2014). The pre-2014 cases refer to the earlier statutory citation.

6

issue— whether it was necessary to send a particular *post-disposition of deficiency*. *D'Happart v. First Commonwealth Bank*, 2021 WL 3825606 *8-9 (CCP Allegheny Co. Aug. 25, 2021), *aff'd on other grounds*, 282 A.3d 704 (Pa. Super. 2022). The Allegheny County court did not follow or distinguish *Nash*, nor the many Pennsylvania cases reading the MVSFA requirements into what is reasonable post-repossession notice under the Code. To the extent the Bank seeks to expand *D'Happart* as authority for post-repossession, pre-disposition notice, *D'Happart* is an outlier, inconsistent with the great weight of authority. *See e.g.*, *Coy v. Ford Motor Credit Co.*, 618 A.2d 1024, 1026 (Pa. Super. 1993) (reading the two statutory requirements together in the case of consumer vehicle repossession; quoting authorities); *Nash*, 502 A.2d at 1263-64 (same); *Cosgrove*, 2010 WL 3370760 *2-3 (same).[4]

*McCall v. Drive Fin. Services, LP*, 2009 WL 8712847 (Phila. CCP, Apr. 10 2009), *appeal denied*, 74 EDM 2009 (Pa. Super. Aug. 19, 2009) is a very similar case to this—a repossession class action under Article 9 where the secured party provided less than the 15 days required notice to the borrowers.[5] In its opinion certifying the class, the Court held that the "UCC requires a creditor to provide 'reasonable, authenticated notice of disposition' after repossessing a vehicle,

---

[4] The lender in *D'Happart* sought repeatedly to have Superior Court hold that the MVSFA should not be read *in pari materia* with the UCC in the case of consumer repossession. The lender relied (as does Bank of America, instantly) upon an entirely inapposite holding in a case involving Heart and Lung Act benefits, *Oliver v. City of Pittsburgh,* 11 A.3d 960 (Pa. 2011). On appeal, the Superior Court did not embrace the position that the two statutes should not be read *in pari materia*. Rather, twice Superior Court assumed *arguendo* that the lender was obligated to comply with the MVSFA and the UCC, but then held that Mr. D'Happart failed to demonstrate that the lender violated the MVSFA. 282 A.3d at 724. Elsewhere in the opinion Superior Court assumed *arguendo* "that the UCC and the MVSFA must be read *in pari materia*," but again held that the requirement of the MVSFA was not violated by the lender. *Id*. at 729-730.

[5] Plaintiffs recognize that in a diversity case such as this, this Court applies state law and that only the decisions of the Pennsylvania appellate courts are binding. However, the District Court may consider Pennsylvania trial court decisions for their persuasive value. Plaintiffs submit that *McCall* has persuasive value because of the cogency with which it is written, the fact that Superior Court refused to permit an interlocutory appeal from the ruling, and the virtually identical topic: a consumer class action seeking remedy under Article 9 for notice of repossession that provided less time than MVSFA allows.

13 Pa. C.S. § 9611.  The UCC does not itself define what is 'reasonable' but looks to other sources for definition.  The MVSFA is the Pennsylvania statute designed to cover repossessions and protect consumers from abuses by allowing a minimum period to cure any default or redeem before sale." *McCall*, 2009 WL 8712847 *1.   The "MVSFA requires that a notice of repossession be sent to the consumer advising the consumer of several items, including 15 days' notice of intent to sell the repossessed vehicle.  69 P.S. § 623D."  *Id.* *1-2.[6]

### 3. Plaintiffs Amply State a Claim that the Bank Failed to Allow Sufficient Time to Act

At section B of its brief, the Bank states that whether a notification is sent within a reasonable time is a question of fact.  The Bank then leaps to the conclusion that the MVSFA does not inform Article 9, and argues that Plaintiffs do not state a claim for unreasonable notice because they have not pled reliance on the notices.  Bank br. 7-9.  Under settled law, this is not necessary.

The Bank violated the Code in two distinct ways: (1) the notice of repossession did not provide the consumers with the statutorily required 15 days' time to act, and separately (2) the notice was false and misleading by stating that the consumers had effectively only 14 or 13 days to act.  *See* Class Complaint, ¶ 20 ("the notice mis-states and understates the amount of time the borrower has to redeem") and ¶ 23 ("the Bank as secured party sent template forms of notice to consumers across Pennsylvania providing an inadequate and commercially unreasonable period of time to act to redeem their motor vehicle, *i.e.* less than 15 days to act.").  The Bank seeks to set up a strawman argument by sweeping these two distinct concepts under the broad rubric of "timeliness." Bank br. at 8-9.

---

[6]   In *McCall*, the parties' installment sale contract (as well as the MVSFA) called for 15-days' notice to the borrower.  Here, the installment sale contract does not specifically state 15 days' (or any other period).  However, the installment sale contract does incorporate Pennsylvania law into it.  *See* Nelson RISC ¶ 9, which provides "federal law and the law of [Pennsylvania] apply to this contract." ECF 1-5, p. 7 of 12.  The same provision appears in the Potter contract at ¶ 9. ECF 1-5, p. 11 of 12.

8

13 Pa. C.S. § 9612 provides that "whether a notification is sent within a reasonable time is a question of fact." But this is the beginning of the inquiry, not the end of it, as issues of fact are routinely determined by reference to legal requirements. Plaintiffs addressed above and the Court addressed in its May 18, 2023 opinion that the MVSFA applies specific rules for notice of repossession in the case of installment sales contracts with consumers that are more specific than the general rights and duties of secured parties under Article 9. The Consumer Credit Code, of which the current MVSFA is a part, is the law of the Commonwealth.

We need not resolve whether the MVSFA provides an implied private right of action (Bank br. at 5-7), as Plaintiffs pled that they "do not seek remedy under the Consumer Credit Protection Act nor the Motor Vehicle Sales Finance chapter of the Act. However, the notice provisions of the Act are part of the fabric of Pennsylvania law that supply the benchmark or standard for the time period for proper notice under the Uniform Commercial Code." Class Complaint, ¶ 19, ECF 1-4, p. 11 of 25. The Bank argues that since the MVSFA does not have a private right of action, its provisions are meaningless and should be ignored. *See* Bank br. at 9, ECF 24-1, p. 13 of 17. This is not correct. The Bank also seeks to re-frame Plaintiffs' case by asserting in the broadest terms that "the timeliness inquiry [sic.] is fact-intensive." Bank br. at 7. In some cases, it may be—but not in every case, and not in this case.

The Pennsylvania Supreme Court's holding in *Liss & Marion, P.C. v. Recordex Acquisition Corp.* is instructive. 603 Pa. 198, 983 A.2d 652 (2009). In *Recordex*, Plaintiffs filed a class action suit in contract asserting that the defendant Recordex had charged for medical photocopies, amounts in excess of that permitted by the Medical Records Act, 42 Pa. C.S. § 6152. Much like the Bank does here, Recordex "argue[d] that the MRA does not provide for a private cause of action to enforce the statutory price limits and that [plaintiff] is merely seeking to circumvent the

9

statute 'through the artifice of pleading' a breach of contract." 983 A.2d at 658.  The Court held that although the Medical Records Act "provides no remedy and enjoins no duties … the MRA does not evidence any legislative intent to limit [plaintiffs] common law rights or preempt common law causes of action" seeking refund of the statutory overcharges.  *Id.* at 660.  "According to the rules of statutory interpretation, the trial court properly allowed the instant lawsuit to proceed, especially because it was essential to effectuate the legislature's intent to make appellants subject to the pricing limits of the MRA."  *Recordex*, 983 A.2d at 661 *citing* 1 Pa. C.S. § 1504, 1921 (emphasis added).  Although the borrowers' claim instantly does not arise in contract, but is a statutory claim under the Code, *Recordex* provides this Court with the rule of law to be applied here: the protective provisions of the MVSFA should be interpreted so as to be enforced, not ignored, irrespective of any MVSFA private right of action.   The MVSFA informs the more general inquiry into reasonable notice and the time to act. 12 Pa. C.S. § 6254(c).[7]  This approach also fulfills the legislative goal to give effect to all legislation if possible.  1 Pa. C.S. § 1932.

      The Bank relies upon *Nawrocki v. Faulkner Ciocca Ford of Souderton*, 2007 WL 3146671 (E.D. Pa. Oct. 29, 2007) for the proposition that there is no private right of action under the MVSFA. Bank br. at 10 and 13 of 17, ECF 24-1.  While holding that the MVSFA carries no broad private right of action, Judge Dalzell also held that "[m]ost of the provisions of the MVSFA that an individual buyer can enforce supply elements of another cause of action." *Id.* *5. "MVSFA § 623 [now codified at 12 Pa. C.S. § 6254] specifies adequate repossession notice. This section provides plaintiffs with a way to establish an element of the tort of conversion." *Id.* Instantly,

---

[7]    *Moroz v. Alexico Corp.*, 2008 WL 109090 (E.D. Pa. Jan. 8, 2008) (Bank br. at 5) is apposite.  The Court refused to read provisions of the MVSFA into the Consumer Protection Law, 73 P.S. § 201 et seq., a very different analysis.  By contrast, Pennsylvania's appellate courts have augmented the UCC's reasonable notice requirement by the MVSFA's requirements for decades, as discussed *supra*.

10

Plaintiffs argue that the MVSFA provides them with a way to establish not conversion, but the lack of reasonableness of the Bank's notice under the Code. 13 Pa. C.S. § 9611.[8]

The installment sales contracts between the parties provides that "Federal law and [Pennsylvania law] apply to this contract." RISC ¶. 9, ECF 1-5, p. 11 of 12. Since "this contract" is a consumer vehicle installment sale contract regulated by the MVSFA, the Act's protections are incorporated. Indeed, the protections of the MVSFA are not waivable. 12 Pa. C.S. § 6234. At minimum, Plaintiffs should be permitted their opportunity to prove that the notice period provided was understated. *See* Class Complaint ¶ 20.

When the UCC at 9612 refers to a "question of fact," it simply means that the UCC itself is not setting a minimum period of time to send notice before sale for all manner of secured transactions that Article 9 regulates. There is no conflict between this and a more specific statute targeted at consumer vehicle repossession where a minimum period is provided; in fact, the two statutes complement each other, as the authorities have held. *Nash*, 502 A.2d at 1261-63("We still find there is no conflict between the two statutes."); *Coy*, 618 A.2d at 1026; *McCall*, 2009 WL 8712847 *1. Plaintiffs should be permitted to pursue discovery and prove, as a fact if necessary, that less than 15 days' advance notice is insufficient. Plaintiffs will offer the provision of the MVSFA as the rule to be applied, but have also sought discovery into the Bank's policies and

---

[8] The Bank notes at fn 3 (ECF 24-1, pg. 13 of 17) that the MVSFA was amended in 2014 without a specific private right of action for borrowers. Presumably, the Bank would have us infer that the legislature, deemed to be aware of the judicial decisions interpreting an act, was content to leave the MVSFA without a private remedy provision. But, the Bank has it backwards as the borrowers are not suing for private remedy under the MVSFA. The fact is multiple appellate decisions have held that the MVSFA and UCC is to be read *in pari materia* on the issue of what is reasonable notice **under the UCC.** *Whiteman* (1960), *Nash* (1985), and *Coy* (1993) all pre-date the substantial revisions to the UCC adopted in 2001. Act of June 8, 2021, P.S. 123, No. 18 § 16 eff. July 1, 2001. There was no amendment to the Pa UCC disavowing the rule in these cases. Under the Bank's suggested approach for divining legislative intent, the court must assume that the legislature fully intended the MVSFA to be read into UCC notice requirements in the subset of repossessions of consumer autos financed through installment sale contracts. *See Fonner v. Shandon, Inc.*, 724 A.2d 903, 906 (Pa. 1999)(the "failure of the General Assembly to change the law which has been interpreted by the Courts creates a presumption that the interpretation was in accordance with the legislative intent.")

practices, and Plaintiffs expect to be able to show, if necessary, that the Bank was aware that a reasonable period of time in Pennsylvania is a minimum of 15 days.[9]

The various authorities cited by the Bank at p. 9 of its brief are inapposite to the situation where a statute sets the bar for what is proper and reasonable notice of repossession. That is, 35 AM. JUR. PROOF OF FACTS 2d 517 § 8 and the other states' authorities cited merely address fact patterns where the timing of advance notice of sale might be entirely fact-dependent. In none of the cited cases was there a statutory (or contractual) minimum period of time applicable. The reference in these cases to a general rule allowing the debtor "sufficient time" to act will apply in the absence of a controlling statutory or contractual provision. Similarly, the Bank's reference to *Savoy v. Beneficial Cons. Disc. Co.*, 468 A.2d 465 (Pa. 1983) is taken in context. Bank br. at 8. In *Savoy*, the issue was reasonableness of the sale itself and adequacy of sale price, so the "totality of circumstances" is significant. *Id.* at 467. *Savoy* in no way held that a controlling statute setting a minimum amount of time for the debtor to act could be ignored by the lender. Neither the MVSFA nor the amount of time stated in the repossession notice was in issue in *Savoy*.

4. <u>The Bank Also Used Notices that are False and Misleading</u>

Separate from the 15-day notice requirement, the notice itself must be reasonable—at a minimum, and not be false or misleading. *See* 13 Pa. C.S. § 9611. Here, the notices used by Bank are false and misleading. The notice sent to Gary Nelson dated May 13, 2021 and mailed May 14, 2021 stated that "we will sell the 2013 Ford Explorer at private sale sometime after May 27, 2021." Class Complaint, ¶¶ 17, 21, 22. Putting aside any delay in mail delivery, this letter at most told

---

[9] In most routine auto accident cases on this court's docket, the defendant-driver's conduct—be it negligent or reasonable—is a question of fact. The Motor Vehicle Code sets standards of conduct, including maximum speed limits, with criminal penalties but no private right of action. *See* 75 Pa. C.S. § 3362. In such a civil case, the suit is not dismissed for want of a private right of action in the vehicle code. Instead, the speed limit statute provides a benchmark to establish an element of negligence, and violation of it is evidence of negligence, or perhaps negligence *per se*. Legal requirements in related statutes are often material to deciding questions of fact.

12

Mr. Nelson that he had until May 27, 2021 to act when the Bank could not expose the car to sale until at least May 29, 2021—15 days from mailing the certified letter containing notice.

Similarly, on September 29, 2021, the Bank sent a notice of plan to sell property to Kayleigh Potter stating that "we will sell the 2017 Chevrolet Impala at a private sale sometime after October 13, 2021." Again, putting aside any time consumed in the mails, this statement was false as Ms. Potter's vehicle was not subject to private sale until at least October 14, 2021. *See* Class Complaint ¶¶ 18-21, 22, 29-30. The provision of a false or misleading statement of rights (such as misstatement of the number of days to redeem or act) obviously renders the notice unreasonable, and the Bank makes no argument to the contrary in its Motion. *See McCall* at *1; see also First National Bank of Maryland v. DiDomenico*, 487 A.2d 646, 648-49 (Md. 1985) (holding that a repossession notice that misstates the debtor's redemption rights is not "reasonable notification" under 9-504(3) [now recodified at § 9-610]).[10]

At section B(ii) of its brief (ECF 24-1, pp. 9-11), the Bank relies upon *Hudson v. Eaglemark Savings Bank*, 2011 WL 1755540 (E.D. Pa. May 9, 2011) *aff'd,* 475 F. Appx 423 (3d Cir. 2012) for the asserted proposition that the plaintiffs must plead and prove facts to establish reliance and that the short notice (less than 15 days) caused Plaintiffs to act in a certain way. But the lynchpin of *Hudson* was that the vehicle financing was arranged via a <u>bank note</u> and not a retail installment sales contract. "Plaintiff has cited no relevant state court precedent that supports the extension of the MVSFA's fifteen day notice requirement beyond installment sale contracts." *Hudson*, 2011 WL 1755540 at * 3-4 (emphasis added). *Hudson* may fairly be read for the converse proposition: that if an installment sale contract had been used by the lender, the MVSFA's 15-day notice

---

[10] The Pa. UCC is to be interpreted towards making the Code uniform among the various jurisdictions. 13 Pa. C.S. § 1103. As such, UCC rulings from sister states are given due deference in an effort to maintain uniformity. *See Menichini v. Grant*, 995 F.2d 1224, 1229 (3d Cir. 1993).

requirement would apply—and the lender's 10-day notice deemed unreasonably short. Moreover, it is the Bank's obligation to send proper notice; that duty does not turn on whether the borrower acted upon—or even received—the statutory notice. *Coy*, 618 A.2d at 1027.

At the end of the day, the Pennsylvania legislature requires lenders to provide not less than 15 days' notice to consumer borrowers where their vehicle (financed through an installment sale contract) is repossessed. The Bank agreed to and is bound by Pennsylvania law. The Bank provided inadequate notice to Nelson and Potter and, according to the Bank's removal petition, many other consumers. *See* ECF 20, Slip Op. at 7-8. In the case of consumer-goods transactions, a borrower need not show reliance or causation of any particular harm. Rather, if a secured party fails to comply with Article 9, statutory minimum damages are available as a surrogate for actual damages. *Cubler v. TruMark Fin. Cr. Un.*, 83 A.3d 235, 241-42 (Pa. Super. 2013); *In re Koresko*, 91 B.R. 689, 699 (Bankr. E.D. Pa. 1988).

## IV.  CONCLUSION

Plaintiffs amply state a claim for unreasonable notice under Article 9. Relief may be had as the Code provides. Defendants' Renewed Motion to Dismiss must be denied.

Respectfully submitted:

Date:  06/21/23

*/s/ Cary L. Flitter*
CARY L. FLITTER
ANDREW M. MILZ
JODY T. LÓPEZ-JACOBS
**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(P) (610) 822-0782
(F) (610) 667-0552
Email: cflitter@consumerslaw.com
**Attorney for Plaintiffs and the Putative Class**

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed on June 21, 2023 through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: 6/21/23

/s/ Cary L. Flitter
CARY L. FLITTER