IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | Civil Action No. 5:23-cv-00255-JS |

**BANK OF AMERICA'S REPLY IN SUPPORT OF RENEWED
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Bank of America, N.A. ("BANA"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and this Court's Policies and Procedures, submits this Reply in Support of its Renewed Motion to Dismiss Plaintiffs' Class Action Complaint ("Motion").

### I.   INTRODUCTION

Plaintiffs' claims can be summarized simply, as Plaintiffs themselves admitted in their Opposition to BANA's Renewed Motion to Dismiss ("Opp'n"): "Plaintiffs allege [BANA] failed to act in a commercially reasonable manner by failing to provide proper timely notice."  Opp'n at 3.  The Pennsylvania Uniform Commercial Code ("PA UCC") sets forth the standard for commercial reasonableness for the repossession and sale of a vehicle.  The PA UCC clearly states that commercial reasonableness is a question of fact and, more importantly, says nothing about a 15-day notice requirement.  While Plaintiffs go to great lengths to contend they are not asserting a claim under the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA")—*because they admit*

1

*they cannot*—that is exactly what they nevertheless seek to do. BANA does not dispute that the MVSFA has a 15-day notice requirement, but that does not change what Plaintiffs must plead to state a claim under the PA UCC, the *only claim* alleged in the Complaint. There is no private right of action under the MVSFA, so Plaintiffs must plead the elements of a UCC claim of commercial unreasonableness, and that includes alleging facts to support each Plaintiff's particular claim. BANA has met and conferred with Plaintiffs on multiple occasions about the complete lack of any factual allegations establishing how Plaintiff Nelson's and Plaintiff Potter's repossession notices (and the alleged day or two of additional notice that they did not receive) impacted the commercial reasonableness of their situations, including their ability to redeem. Plaintiffs have refused to allege further detail or amend. As a result, their only claim—for violation of the commercial reasonableness standard under the UCC—should be dismissed.

## II.    ARGUMENT

### A.    The MVSFA Does Not Provide a *Per Se* Standard of Reasonableness

It is undisputed that Plaintiffs cannot assert a claim for violation of the MVSFA, and Plaintiffs do not argue to the contrary. Opp'n at 11 n.8 ("the borrowers are not suing for private remedy under the MVSFA.") Instead, Plaintiffs are asking the Court to hold that the 15-day requirement within the MVSFA is a *per se* standard of reasonableness under the UCC, removing any factual considerations from the analysis. Plaintiffs have supplied absolutely no authority to support such a holding, and ignore the ample authority cited by BANA, including the comment to the UCC itself, indicating otherwise. *See* Motion at 7-9. As explained in 13 Pa. C.S.A. § 9612, addressing timeliness of notification before disposition of collateral, "whether a notification is sent within a reasonable time is a question of fact." 13 Pa. C.S.A. § 9612(a). The comment further explains that the notification must be sent "at a reasonable time in advance of the date of a public

disposition or the date after which a private disposition is to be made" with the concern being whether a notification might be sent so close to the disposition date that the "notified person could not be expected to act on or take account of the notification." 13 Pa. C.S.A. § 9612, cmt. 2.[1]

Nonetheless, Plaintiffs seek a holding here that the 15-day requirement set forth in the MVSFA is a *per se* requirement of commercial reasonableness in all consumer scenarios, and that no consideration of Plaintiffs' factual pleading should be considered by the Court—otherwise, Plaintiffs' complete lack of factual averments regarding their claims of commercial unreasonableness would necessarily warrant dismissal. The authorities upon which Plaintiffs rely do not support their argument. First, *Coy v. Ford Motor Credit Co.,* 618 A.2d 1024, 1026 (Pa. Super. Ct. 1993), has not only been distinguished by *Caterpillar Fin. Servs.,* cited in footnote 1 in support of BANA's position, but it merely quoted statutory requirements and did not find a UCC violation based on an alleged MVSFA violation, which is what Plaintiffs here urge. *See also, Indus. Valley Bank and Trust Co. v. Nash,* 502 A.2d 1254, 1263-64 (Pa. Super. Ct. 1985) (finding no UCC violation based on any term of the MVSFA); *Cosgrove v. Citizens Auto Finance, Inc.,* No. 09-1095, 2010 WL 3370760 (E.D. Pa. Aug. 26, 2010) (rejecting argument that terms of MVSFA provided defense to alleged UCC violation).

Second, *McCall v. Drive Fin. Services, LP,* 2009 WL 8712847 (Pa. C.C.P. Phila. Apr. 10, 2009), is not only a non-binding trial court decision as Plaintiffs admit, but it did not substantively

---

[1] Although not controlling here because this case involves a consumer transaction, the PA UCC's provisions governing commercial transactions support this plain reading of the statute. The 10-day notice period specifically provided in the UCC applicable to commercial transactions is "intended to be a 'safe harbor' and not a minimum requirement." *Id.* at cmt. 3. *See also, Caterpillar Fin. Servs. Corp. v. Get 'Er Done Drilling, Inc.,* 286 A.3d 302, 312-13 (Pa. Super. Ct. 2022) (affirming summary judgment for creditor where the listed sale date on 10th day in notice for sale of commercial equipment made no difference in that factual circumstance, where plaintiff "[did] not argue that he was prevented from making an offer for the drill because he was misinformed regarding the dates of the auction").

address the issue here, only citing the MVSFA in the factual background. *Id.* Rather, it was a decision on class certification and the court specifically stated that it "[was] not concerned with the merits of the controversy" and "cannot make any ruling on Plaintiffs' ultimate recovery against any named defendant nor the merits of any defenses raised." *Id.* Even further, the contract between the parties in *McCall* specifically listed a 15-day notice requirement. *Id.* That is not the case here.[2] At bottom, whether the MVSFA itself provides a *per se* standard for reasonableness under the UCC was never even discussed or challenged in the *McCall* decision.[3]

Similarly, Plaintiffs cite to *Nawrocki v. Faulkner Ciocca Ford of Souderton*, No. 07-1827, 2007 WL 3146671 (E.D. Pa. Oct. 29, 2007), a case that found no private right of action under the MVSFA and dismissed Plaintiffs' MVSFA claims, as somehow supportive of the argument that the MVSFA provides a *per se* standard of reasonableness under the UCC. *Nawrocki* provides no such support. Specifically, *Nawrocki* explains that "when a statute creates a private right of action, a plaintiff need only make out a violation of the statute to recover." *Id.* at *5. That is exactly what Plaintiff is trying to do here, but the MVSFA provides no such right. However, as *Nawrocki* noted, when a party is asserting a different cause of action, it must also plead "all the *other* elements of

---

[2] Plaintiffs also cannot incorporate the terms of the MVSFA into contract based on a general choice of law provision, as they attempt to argue at n.9. *See, United States v. Gates*, No. CIV. A. 91-5471, 1992 WL 174746, at *2 (E.D. Pa. July 17, 1992) (holding that terms of federal statute are not incorporated into contractual relationship unless explicitly provided).

[3] Plaintiffs' analogy to *Liss & Marion, P.C. v. Recordex Acquisition Corp.,* 983 A.2d 652 (Pa. 2009) fares no better, as it discusses incorporating statutory standards into a common law breach of contract claim, which is not the claim asserted here. Further, BANA is not saying the MVSFA should be ignored. Rather, the 15-day requirement should not create a *per se* rule of commercial reasonableness and render factual considerations required by UCC meaningless. Even Plaintiffs' own authority explains that the MVSFA cannot take precedence over the UCC. *See, Nash,* 502 A.2d at 45 (explaining that "the U.C.C. must prevail"). This just demonstrates that what Plaintiffs are trying to do is bring a claim for a violation of the MVSFA 15-day requirement, which they admit they cannot do, yet spend their entire Opposition brief trying to explain a way that they can.

4

the relevant cause of action." *Id.* As explained herein, that is what Plaintiffs have failed to do. They cannot try to assert a *per se* violation of the MVSFA and ignore the pleading requirements of the cause of action that they are seeking to assert—violation of the UCC based on commercial unreasonableness.

Additionally, Plaintiffs argue in their Opposition that they "should be permitted to pursue discovery and prove, as a fact if necessary, that less than 15-days' advance notice is insufficient." Opp'n at 11. This argument makes no sense. Whether 15-days is reasonable is based on facts within the Plaintiffs' knowledge, depending on their particular circumstance, including whether they could have obtained the funds to redeem if they thought they had an additional day or two of notice before the vehicle could be sold.[4] This is not information to be obtained in discovery, but rather facts that must be plead in their Complaint in order to state claim.

    **B.**    **Plaintiffs Have Failed to Plead the Necessary Elements of a UCC Claim Based on Commercial Unreasonableness**

It is not until the very end of Plaintiffs' Opposition that they address *Hudson v. Eaglemark Savings Bank,* No. 10-6994, 2011 WL 1755540 (E.D. Pa. May 9, 2011), *aff'd,* 475 F. App'x 423 (3d Cir. 2012), which demonstrates why dismissal is warranted. Plaintiffs attempt to distinguish *Eaglemark* by claiming that the 15-day requirement within the MVSFA did not apply, because the vehicle financing was based on a bank note and not a retail installment sales contract. Opp'n at 13. However, this difference is irrelevant. The import of *Eaglemark* is the holding that whether an allegedly short notice was reasonable turned on the specific allegations in the complaint about the plaintiff's ability to redeem or react in some way prior to the sale of the vehicle. Specifically,

---

[4] Plaintiffs' analogy to the Motor Vehicle Code similarly misses the mark. *See* Opp'n at n.9. Plaintiffs seek to impose the MVSFA's requirements into another statute, or essentially substitute that standard in order to seek to obtain statutory damages under the UCC, not making general allegations of negligence or breach of contract. Plaintiffs' position is unsupported by authority.

the *Eaglemark* court looked to the plaintiff's allegations to determine whether unreasonableness under the UCC had appropriately been plead. As here, it had not. The Court noted, "a mere assertion that notice was unreasonable is insufficient to state a claim upon which relief may be granted." *Eaglemark,* 2011 WL 1755540 at *5.

Further, while Plaintiffs argue that *Eaglemark* is inapplicable, that does not account for the holding in *Caterpillar Fin. Services,* 286 A.3d at 312 (relying on factual considerations of prejudice in sale of repossessed equipment on tenth day following notice in commercial context) or the fact that the purpose of the notice requirement itself is to allow debtors the time needed to determine whether they can redeem the vehicle or try to purchase it at sale. *In re Massaquoi,* 412 B.R. 702, 708 (Bankr. E.D. Pa. 2008). Stated differently, *Eaglemark* is only one of a number of authorities undermining Plaintiffs' arguments.

### C. Plaintiffs Did Not Plead That the Notice was False or Misleading

Given Plaintiffs' failure to plead facts establishing the notices were commercially unreasonable as to them, Plaintiffs now claim for the first time in their Opposition that the notices were "false and misleading by stating that the consumers had effectively only 14 or 13 days to act." Opp'n at 8. Nowhere in the Complaint do Plaintiffs use the words "false" or "misleading." Rather, they state in the single count that BANA "failed to act in a commercially reasonable manner by failing to provide a proper timely Notice, 13 Pa. C.S. §§ 9610, 9611-9614." Compl. ¶ 54. While Plaintiffs portray this as some additional violation that BANA failed to address, that argument is a red herring. *See* Opp'n at 13 ("obviously renders the notice unreasonable, and the Bank makes no argument to the contrary in its Motion"). Even if Plaintiffs had used the words "false" or "misleading" in the Complaint to describe the notice, the analysis under the UCC is still whether the notices were commercially unreasonable. As such, Plaintiffs still would have needed

to allege facts establishing that the purportedly "false" or "misleading" notices impacted their ability to redeem. Once again, they alleged no such facts.[5] Furthermore, to the extent Plaintiffs are attempting to allege a new claim to avoid dismissal, this argument also falls flat. A party cannot assert a new claim, not alleged in the Complaint, for the first time in an opposition to a motion to dismiss in an attempt to avoid dismissal. *See, e.g., W. Chester Univ. Found. v. Metlife Ins. Co.*, No. CV 15-3627, 2016 WL 2939508, at *2 (E.D. Pa. May 20, 2016) ("The allegations in the complaint, not the response in opposition must control because Plaintiff 'cannot amend [its] complaint through a legal brief submitted in opposition to the motion to dismiss.'") (citation omitted). Dismissal is accordingly warranted.

### III. CONCLUSION

For these reasons, Plaintiffs' Complaint should be dismissed with prejudice for failure to state a claim.

Dated: June 28, 2023

Respectfully submitted,

**McGUIREWOODS LLP**

/s/ *K. Issac deVyver*
K. Issac deVyver (Pa. Id. 202655)
Karla Johnson (Pa. Id. 307031)
McGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6057
Email: kdevyver@mcguirewoods.com
Email: kjohnson@mcguirewoods.com

---

[5] It should be noted that Plaintiffs discounted BANA's authority from other jurisdictions confirming the pleading requirement necessary for commercial reasonableness (*see* Opp'n at 12) as inapposite, but then rely on a Maryland case with negative treatment addressing the sale of a mobile home with a variety of alleged problems with the notice and considerations specific to Maryland law. *Id.* at 13.

Brian E. Pumphrey (*pro hac vice*)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-7745
Facsimile: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

*Attorneys for Defendant*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 28, 2023.

/s/ K. Issac deVyver
K. Issac deVyver

*Attorney for Defendant*
*Bank of America, N.A.*