IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated | :<br>:<br>:<br>: CIVIL ACTION |
| v. | :<br>: NO. 23-0255 |
| BANK OF AMERICA, NATIONAL ASSOCIATION | :<br>: |

# ORDER

AND NOW, this 3rd day of July, 2023, upon consideration of Defendant Bank of America National Association's Renewed Motion to Dismiss Plaintiffs' Class Action Complaint (Document No. 24), Plaintiffs' Response in Opposition thereto, and Defendant's Reply, it is hereby ORDERED the Motion is DENIED.[1]

---

[1] To state a claim for relief, a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the facts alleged in the complaint allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Maiden Creek Assocs., L.P. v. United States DOT*, 823 F.3d 184, 189 (3d Cir. 2016). "[M]ere 'threadbare recitals of the elements of a cause of action, supported by conclusory statements' are insufficient to survive a motion to dismiss." *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 604 (3d Cir. 2015) (internal citation omitted). In reviewing the complaint, however, the Court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving parties, the plaintiffs. *Bohus v. Restaurant.com, Inc.*, 784 F.3d 918, 921, n.1 (3d Cir. 2015).

Plaintiffs Kayleigh Potter and Gary Nelson seek to bring a class action individually and on behalf of all others similarly situated under the Pennsylvania Uniform Commercial Code, 13 PA. CONS. STAT. §§ §§ 9610-9614 and § 9625(c). They claim Bank of America National Association failed to act in a commercially reasonable manner by not providing adequate notice of the repossession of their financed motor vehicles, and by selling those vehicles to satisfy outstanding

debts. (Compl., ¶ 34, ECF No. 1-1). Plaintiffs also claim Pennsylvania's Motor Vehicle Sales Finance Act ("MVSFA"), 12 PA. CONS. STAT. § 6254(c)) requires secured parties to provide borrowers with notice that they have the right to redeem their vehicles within fifteen days of the date the notice is mailed. Compl., ¶¶18, 54, ECF No. 1-1. Because Nelson and Potter only received thirteen and fourteen days respectively, they allege the Bank violated their rights to commercially reasonable notice under § 9610 of the U.C.C., entitling them to recover statutory damages under 13 PA. CONS. STAT. § 9625(c).

BANA moves to dismiss the complaint, arguing the MVSFA does not contain a private right of action. The Bank further argues Plaintiffs cannot assert a U.C.C. unreasonableness claim based solely on an alleged violation of the MVSFA. Because the two statutes are to be construed together, the motion is denied.

In *Industrial Valley Bank & Trust Co. v. Nash*, 502 A.2d 1254 (Pa. Super. Ct. 1985), the Pennsylvania Superior Court confronted the question whether the notice requirements and procedures in the foreclosure of a security interest in a motor vehicle are governed by the U.C.C. or the MVSFA or both. In holding that both statutes are applicable, the Court turned to prior caselaw holding the U.C.C. provision of commercial reasonableness governs the disposition of repossessed vehicles, and to the Pennsylvania Statutory Construction Act, 1 PA. CONS. STAT. 1501, *et. seq. Id.* 502 A.2d at 1263 (citing, *inter alia*, *Savoy v. Beneficial Consumer Discount Co.*, 468 A.2d 465 (Pa. 1983) and *Fidelity Consumer Discount Co. v. Clark*, 482 A.2d 580 (Pa. Super. Ct. 1984)). The Statutory Construction Act provides, in relevant part that statutes or parts of statutes are in *pari materia* when they relate to the same persons or things or classes of persons or things. 1 PA. CONS. STAT. § 1932. The Court then held: "[o]n the question of the kind of notice to be given to the debtor by the secured creditor, the MVSFA and the U.C.C. are clearly in *pari materia* since they relate to the same thing – the sale of a repossessed vehicle." *Nash*, 502 A.2d at 1263. The *Nash* Court thus found the two statutes should be construed together. *Id.* Inasmuch as the notice provisions of the MVSFA and the U.C.C. apply to repossession and resale after default on a motor vehicle sales installment contract, it follows that the remedies available under the U.C.C. for violation of these notice provisions are likewise available for violation of other provisions of the MVSFA. *See Nash*, 502 A.2d at 1260-62; *see also, McDonald v. Wells Fargo Bank, N.A.,* 374 F. Supp. 3d 462, 469 (W.D. Pa. 2019) (recognizing auto lenders in Pennsylvania must comply with the state's commercial code and related debtor protection laws defining disclosures necessary in notices of repossession and deficiency); *Cosgrove v. Citizens Auto. Fin. Co.*, Civ. No. 09-1095, 2011 U.S. Dist. LEXIS 95656, at *1 (E.D. Pa. Aug. 25, 2011) (granting a motion for class certification and approval of class action settlement in a suit under Pennsylvania U.C.C. and MVSFA by sending defective automobile repossession notices); *Coy v. Ford Motor Credit Co.*, 618 A.2d 1024, 1026 (Pa. Super. Ct. 1993) (reversing the trial court's grant of summary judgment for plaintiffs and finding the notice of repossession and right to redeem sent by credit company satisfied both the MVSFA and the Pennsylvania U.C.C.).

Thus, the Complaint's allegations that the notices sent by BANA failed to comply with the fifteen-day threshold required by the MVSFA are sufficient to state a claim under the U.C.C.'s commercially reasonable provision. 13 PA. CONS. STAT. § 9610(b). BANA's motion to dismiss the complaint is denied.

BY THE COURT:

Juan R. Sánchez

_____
Juan R. Sánchez,      C.J.