IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | Civil Action No. 5:23-cv-00255-JS |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving settlement of this Action, in accordance with the Settlement Agreement and Release dated August 30, 2024 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits Annexed thereto, and having held a preliminary approval hearing on October 3, 2024;

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement;

WHEREAS, the Court has reviewed Plaintiffs' Motion for Preliminary Approval and supporting brief requesting that this Court: (1) conditionally certify the Settlement Class; (2) preliminarily approve the parties' proposed class action settlement; (3) appoint Plaintiffs Gary

1

Nelson and Kayleigh Potter as Class Representatives, their counsel as Class Counsel, and American Legal Claims Services, LLC as the Settlement Administrator; (4) set the deadlines for written exclusion or objections to the Agreement; (5) approve the form of Notice to the Settlement Class; and (6) schedule a hearing on the final approval of the Agreement for February 18, 2025.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Nature of the Action.** Plaintiffs Gary Nelson and Kayleigh Potter ("Plaintiffs") allege that Defendant Bank of America, N.A. ("BANA"), violated the Pennsylvania Uniform Commercial Code ("UCC") independently and *in pari materia* with the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA") due to BANA's alleged failure to comply with the MVSFA's minimum notice period requirements relating to its Notices of Repossession. BANA disputes and denies all of Plaintiffs' claims.

2. **Settlement.** Plaintiffs Gary Nelson and Kayleigh Potter (the "Class Representatives"), individually and as Class Representatives on behalf of the Class, and BANA (collectively, the "Parties") have negotiated a potential settlement of the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Agreement) against BANA and the Releasees.

3. **Review.** At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). "A district court may approve a settlement agreement only 'after a hearing and on finding that it is fair, reasonable, and adequate.'" *Good v. Nationwide Credit, Inc.*, 314 F.R.D. 141, 150 (E.D. Pa. 2016) (quoting Fed. R. Civ. P. 23(e)). In determining whether class action settlements should be approved, courts within the Third Circuit analyze "(1) the complexity,

2

expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Good*, 314 F.R.D. at 156 (quoting *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir.1975)). Further, settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

The Court has carefully reviewed the Agreement, including the plan of allocation and the release of claims, as well as the files, records, and proceedings to date in the Action. The terms and conditions in the Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized items in this Order shall have the meanings attributed to them in the Agreement.

    4.    **<u>Jurisdiction.</u>**  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all of the Class Members, and venue in this Court is proper.

    5.    **<u>Preliminary Settlement Approval</u>**.  Based on the review the Court has conducted, as set forth in paragraph 3, the Court does hereby preliminarily approve the Agreement and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the

Settlement as set forth in the Agreement falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval. The Court finds and concludes that the assistance of experienced JAMS mediator Gregory Miller in the settlement process supports the finding that the Settlement is non-collusive.

6. **Certification of Settlement Class.** Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies, for settlement purposes only (and for no purposes and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive Final Approval or should the Effective Date not occur), a class defined as the collective group of persons: (a) who financed the purchase of a motor vehicle for consumer use through BANA by means of an installment sale contract, or who financed the purchase through another entity but such installment sale contract was thereafter assigned to BANA; (b) from whom BANA, as the secured party, repossessed the vehicle or ordered it repossessed; (c) who had a Pennsylvania address as of the date of repossession; (d) who were sent a Notice of Plan to Sell Property or equivalent post-repossession notice of rights which set forth a day after which the collateral may be sold; (e) in the period commencing December 23, 2016 through February 16, 2024; and (f) where such person's Retail Installment Sales Contract contains a choice of law provision electing Pennsylvania as the governing law. The Class does not include any individual who validly opts out of the Settlement pursuant to the procedures set forth herein.

Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court preliminarily finds, for settlement purposes only, that:

   a. The Class is so numerous that joinder of all members is impracticable, as the class consists of 819 class member accounts;

   b. There are questions of law or fact common to the Class, including (a) whether

4

       Plaintiffs and the class entered into installment sale contracts secured by a vehicle purchased for consumer use; (b) whether BANA, as secured party, repossessed or ordered the repossession of the vehicles of Plaintiffs and the Class; (c) whether Plaintiffs and the class were sent Notice that understated the time period to redeem before the vehicle would be sold; and (d) whether BANA's alleged understatement of the time period to redeem violates Pennsylvania law;

   c. Plaintiffs' claims are typical of the Class claims, as BANA sent Plaintiffs, like every member of the proposed class, the same form of Notice that Plaintiffs allege violates Pennsylvania law;

   d. Plaintiffs will fairly and adequately protect the interests of the Class in connection with the proposed Settlement, as Plaintiffs have no interests that appear antagonistic to the Class;

   e. Common questions of law and fact predominate over questions affecting only individual Class Members, and the Class appears to be sufficiently cohesive for settlement of the claims on a class-wide basis; and

   f. Certification of the Class is superior to other available methods for the fair and efficient resolution of the Class claims.

7. **Designation of Class Representatives and Class Counsel.** The Court finds and concludes that the Class Representatives Gary Nelson and Kayleigh Potter have claims typical of and are adequate representatives of the Settlement Class they propose to represent. The Court hereby appoints Gary Nelson and Kayleigh Potter as the Class Representatives for the Settlement Class. The Court finds and concludes that the law firm Flitter Milz PC, including Cary L. Flitter, Andrew M. Milz, and Jody Thomas López-Jacobs, has extensive experience and expertise in prosecuting auto repossession consumer class actions. The Court hereby appoints Plaintiffs' counsel of record in this case as Class Counsel.

8. **Final Approval Hearing**. A hearing (the "Final Approval Hearing") shall be held before this Court on February 18, 2025, at 9:00 a.m., at the James A. Byrne U.S. Courthouse, 601 Market Street, Courtroom 14B, Philadelphia, PA 19106, to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions set forth in the

5

Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph 1.22 of the Agreement should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Agreement; (iv) any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representatives for their representation and service to the Class; (v) to consider any Settlement Class Member's objections to the Settlement and/or any application of Class Counsel for payment or reimbursement of attorney's fees, costs, and expenses and any application for an award to the Class Representatives; and (vi) to rule upon such other matters as the Court may deem appropriate. The Court may hold the Final Approval Hearing by video conference or telephone. The Parties shall include the date of the Final Approval Hearing in the Notice to be mailed to the Settlement Class.

9.     **Class Notice.**  The Court approves the form, substance, and requirements of the Class Notice (the "Notice") annexed hereto as **Exhibit 1**. The Court further finds that the form, content, and distribution of the Notice, substantially in the manner and form set forth in Paragraph 9 of this Order, meets the requirements of Federal Rule of Civil Procedure 23 and due process.  The Notice fairly, plainly, accurately, and reasonably informs potential Class Members of appropriate information about: (1) the nature of this action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation for the monetary and other relief, and includes the address for a website maintained by the Settlement Administrator that has links to the notice, motions for approval and for attorney's fees, and any other important documents in this case; (2) Class Representatives' forthcoming application for the Class Representatives' service award and Class Counsel's attorneys' fees and costs award; (3) how the Settlement Class Members' pro rata share of the Net Fund will be calculated and distributed;

(4) this Court's procedures for final approval of the Settlement; (5) how to Opt-Out or Object to the Settlement; (6) how to obtain additional information regarding this Action and the Settlement, including instructions on how to access the case docket via the Public Access to Court Electronic Records ("PACER") service or in person at the Courthouse; and (7) the date of the Final Approval Hearing and that the date may change without further notice to the Settlement Class, and that Class Members may check the settlement website to confirm that the date has not been changed.

The Court further finds and concludes that the proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, prior to distributing the Notice and after receiving a Notice List from BANA, the Settlement Administrator will update addresses through the NCOA or similar databases. After the Settlement Administrator updates the Settlement Class Members' addresses, the Notice will be sent out via first-class mail to the Settlement Class Members. No later than the mailing of the Notice, the Notice will be posted to the Settlement Website. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify potential Class Members who may not receive notice under this proposed distribution plan.

The Court hereby concludes that the proposed Notice and Notice plan are the best practicable under the circumstances and are reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Notice constitutes due and sufficient notice to all persons entitled thereto.

10. **Settlement Administrator**. The Court approves the appointment of American Legal Claims Services, LLC to supervise and administer the notice procedure as more fully set forth below:

a) No later than forty-five (45) days from the entry of this Order (the "Notice Mailing Date"), the Settlement Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit 1 hereto, to be mailed by first class U.S. mail to the last known mailing address of each individual on the Notice List, after being updated by the Settlement Administrator using the NCOA or similar databases;

b) No later than the Notice Mailing Date, the Settlement Administrator shall establish a settlement website, and shall post on the website the Agreement and Exhibits, including the Class Notice substantially in the form annexed as Exhibit 1 hereto, as well as this Preliminary Approval Order, applications for attorneys' fees and class representatives' service award (when available), the Final Approval Order (when available), and the operative Complaint in this Action;

c) Following the mailing of the Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing and publication via website;

d) The Settlement Administrator shall otherwise carry out its duties as set forth in the Agreement.

e) The Notice List shall be treated as Confidential pursuant to Section 17 of the Settlement Agreement.

11. **Escrow Account.** At BANA's election, the Settlement Administrator is authorized to establish either an escrow account or a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1, promulgated under Section 468B of the Internal Revenue

Code of 1986, as amended. As set forth in the Settlement Agreement, the Settlement Administrator will administer the Settlement Fund and will be the "Administrator" of this escrow account. Class Counsel and/or the Settlement Administrator shall establish the escrow account in accordance with the terms of the Settlement Agreement.

12. **Exclusion from the Class.** Any Class Member may, upon timely request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out to the Settlement Administrator at the mailing address listed in the Class Notice no later than thirty (30) days after the Notice Mailing Date. To be valid, the Request to Opt Out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action," as set forth in Section 11 of the Agreement. All Class Members who submit valid, verified, and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under the Agreement and shall not be bound by the Agreement or any Final Judgment. Mass or class opt outs shall not be allowed. A request to Opt-Out by a borrower or co-borrower on an Account shall be deemed to be a request to Opt-Out by all borrowers on the Account. A Class Member who desires to opt out must make timely affirmative written action pursuant to this Order and the Agreement, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

13. **Copies of Requests to Opt Out.** The Settlement Administrator shall provide Class Counsel and BANA's Counsel with a list of all timely Requests to Opt Out within seven days after the Opt Out Deadline.

14. **Entry of Appearance.** Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be represented by Class Counsel.

15. **Binding Effect on Class.** All Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting a Request to Opt Out shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

16. **Objections.** Any Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason to object to the Settlement; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or any attorney's fees and expenses to be awarded to Class Counsel or award made to the Class Representatives, unless a written objection is sent to the Settlement Administrator at the mailing address listed in the Class Notice no later than thirty (30) days after the Notice Mailing Date. The written objection must also be mailed to the Clerk of Court no later than thirty (30) days after the Notice Mailing Date. To be valid, the written objection must: (a) identify the case name and number; (b) identify the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) be personally signed by the person objecting, or if represented by counsel, signed by his/her counsel; (d) identify the basis and grounds for objection with specificity; and (e) include a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

Within seven (7) days of the Objection Deadline, the Settlement Administrator shall provide a report to the Court setting forth a list of Objections that meet the above guidelines. The Court shall have the ultimate determination of whether an Objection has been appropriately made. Any Settlement Class Member who does not make his or her objection in the manner provided in this Section shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from making any objection to the Settlement, unless otherwise ordered by the Court.

17. **Appearance of Objectors at Final Approval Hearing.** Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 16 of this Order may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector files with the Clerk of Court a notice of intention to appear at the Final Approval Hearing and serves the same on all counsel designated in the Class Notice by the Objection Deadline ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

18. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than ten days prior to the Final Approval Hearing.

19. **Fees, Expenses, and Awards.** Class Counsel's application for Attorneys' Fees and Expenses shall be filed and served no later than ten calendar days prior to the Final Approval Hearing. Neither BANA nor the Releasees shall have any responsibility for any application for Attorney's Fees and Expenses submitted by Class Counsel. At or after the Final Approval Hearing, the Court shall determine whether to approve Class Counsel's request for Attorneys' Fees and Expenses and whether to approve any request for an award to the Class Representatives for their service to the Class.

20. **Releases.** If the Settlement is finally approved, the Releasors shall release the Releasees from the Released Claims.

21. **Use of Order.** Neither this Order, the fact that settlement was reached and filed, the Agreement, nor any other related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of BANA, the Class Representatives, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any negotiations relating to it in any way be used in this Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, to argue that BANA is liable for the actions alleged in the Complaint or that a class can or should be certified for any reason, except for purposes of settlement. The only exception to this provision shall be that the Parties may refer to the settlement, Settlement Agreement and any Orders of Court in order to take actions in furtherance of the Settlement.

22. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

23. **Stay of Proceedings.** All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

24. **Temporary Bar for all Class Members.** Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone who purports to act on their behalf, are barred from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

25. **Termination of Settlement.** If: (a) the Agreement is terminated as provided in Section 13 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in Section 13 of the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 21 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as its existed prior to the execution of the Agreement.

26. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this Action.

27. **Authority.** The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Agreement.

28. **Jurisdiction.** The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the Settlement.

**IT IS SO ORDERED.**               **BY THE COURT:**


   **/s/ Juan R. Sánchez**
**Juan R. Sánchez, J.**

**DATE:  October 4, 2024**