IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY NELSON and KAYLEIGH POTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>Defendant. | Civil Action No. 5:23-cv-00255-JS |

### FINAL JUDGMENT AND
### ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated October 4, 2024, on the application of the Parties for approval of the Settlement as set forth in the Settlement Agreement and Release dated August 30, 2024 (the "Agreement"). On October 4, 2024, this Court granted preliminary approval to the proposed class action settlement set forth in the Agreement between Plaintiffs Gary Nelson and Kayleigh Potter ("Plaintiffs" or "Class Representatives"), individually and as Class Representatives on behalf of the Class, and Defendant Bank of America, N.A. ("BANA") (collectively the "Parties"). This Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Notice to members of the Class, and set a Final Approval Hearing to take place on February 18, 2025. The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order Granting Preliminary Approval of Class Settlement and Providing for Notice.

1

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda, and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On February 18, 2024, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Definitions**. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and over the Parties, the Class, and the claims asserted in this Action, and venue in this Court is proper.

3. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class**. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the

Settlement Class, in light of the factual, legal, practical, and procedural considerations raised by this case, with the Settlement Class comprised of all persons:

a) who financed the purchase of a motor vehicle for consumer use through BANA by means of an installment sale contract, or who financed the purchase through another entity but such installment sale contract was thereafter assigned to BANA;

b) from whom BANA, as the secured party, repossessed the vehicle or ordered it repossessed;

c) who had a Pennsylvania address as of the date of repossession;

d) who were sent a Notice of Plan to Sell Property or equivalent post-repossession notice of rights which set forth a day after which the collateral may be sold;

e) in the period commencing December 23, 2016 through February 16, 2024; and

f) where such person's RISC contains a choice of law provision electing Pennsylvania as the governing law.

The Class does not include any individual who validly opted out of the Settlement pursuant to the Settlement Agreement.

Having considered the Parties' briefing and presentations at the hearings before the Court, the Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(a) and (b)(3) is appropriate in that, in the settlement context: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Class Members because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **<u>Designation of Class Representatives and Class Counsel.</u>** The Court confirms the prior appointments of the Plaintiffs Gary Nelson and Kayleigh Potter as Class Representatives

for the Class and the counsel of record representing the Class Representatives in the Action as Class Counsel.

6.  **Settlement Approval.** Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith arm's-length negotiation between experienced counsel representing the interests of the Parties, with the assistance of Gregory Miller of JAMS through mediation. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms. The terms and conditions of the Settlement Agreement are fully incorporated as though fully set forth in this Order.

7.  **Settlement Fund and Distribution.** A Settlement Fund has been created consisting of the $3,250,000 Settlement Amount. The Settlement Fund shall be used to pay Settlement Class Members, the costs of settlement administration, Attorneys' Fees and Expenses, and Class Representative service awards, as set forth herein and in the Settlement Agreement. All unclaimed and excess monies in the Settlement Fund shall be distributed to *Cy Pres* recipient the Pennsylvania Legal Aid Network, Inc. pursuant to the timetable set out in paragraphs 5.1.5 through 5.1.7 of the Settlement Agreement. Following BANA's payment to the Settlement Fund, BANA shall have no responsibility, financial obligation, or liability with respect to the Settlement Fund, the notice process, the distributions to Settlement Class Members, the request and award of Attorneys' Fees and Expenses, or any other aspect of implementing the Settlement Agreement.

8.  **Dismissal with Prejudice.** Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs. All claims in the Action are

dismissed, and the case shall be closed pursuant to Paragraph 23 of this Order. Nothing herein is intended to waive or prejudice the rights of the Class Members who have timely excluded themselves from the Class. This matter will remain open solely to ensure an orderly administration process.

9. **Releases.** The releases as set forth in Section 10 of the Agreement together with the definitions relating thereto in Paragraphs 1.33, 1.34, 1.35, and 1.44 are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement, including but not limited to the definitions of Released Claims, Releasors, Releasees, and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims and Unknown Claims against the Releasees.

10. **Permanent Bar.** The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred from organizing the Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) in any jurisdiction based on or relating to any of the Released Claims.

11. **Permanent Injunction Regarding Releases.** The terms of the Settlement Agreement and of this Order shall be forever binding on the Class Releasors and BANA, and those

terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve the Released Claims.

12.     **Approval of Class Notice and CAFA Notice.**  Upon the Affidavit of Mark Unkefer of American Legal Claim Services, LLC, the Settlement Administrator, the Court finds that the form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.  The Settlement Administrator has served the CAFA Notice of Proposed Settlement and BANA has complied in all respects with its obligations under 28 U.S.C. § 1715.

13.     **Attorneys' Fees and Expenses.**  Plaintiffs and Class Counsel have moved for an award of attorneys' fees, costs, and expenses in the amount of $1,356,082.97. The Court finds that an award of $1,300,000 in attorneys' fees and $56,082.97 for reimbursement of expenses is fair and reasonable, and the Court approves of Class Counsel's attorneys' fees and expenses in this amount. The Court directs the Settlement Administrator to disburse these funds as provided in the Settlement Agreement.

14.     **Class Representatives Service Awards.**  The Court further finds that a service award for each of the Class Representatives in the amount of $15,000 to each Class Representative is fair and reasonable, and the Court approves of the service award in this amount.

The Court directs the Settlement Administrator to disburse this award to the Class Representatives as provided in the Settlement Agreement.

15. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of BANA, the Class Representatives, or the Settlement Class Members. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any negotiations relating to it in any way be used in this Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, to argue that BANA is liable for the actions alleged in the Complaint or that a class can or should be certified for any reason, except for purposes of settlement. The only exception to this provision shall be that the Parties may refer to the settlement, Settlement Agreement, and any Orders of Court in order to take actions in furtherance of the Settlement.

16. **Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, the Court hereby specifically retains exclusive jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order entered in this Action.

17. **Termination of Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be

automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 15 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

18. **Implementation of the Agreement.** The Parties are hereby authorized to implement the terms of the Agreement.

19. **Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

20. **Class Notice List.** Within 30 days after the Effective Date, BANA, with the assistance of the Settlement Administrator, shall file with this Court, *ex parte* and under seal (in order to protect the names, addresses and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom Notice was sent, along with a list of all Class Members who excluded themselves from the Settlement pursuant to the opt-out provisions provided herein.

21. **Final Accounting.** The Settlement Administrator will provide to Class Counsel, and Class Counsel will file with the Court, a final accounting within 120 days after the Distribution Date, as defined in the Agreement, in the event there is no second distribution, or within 100 days after the second distribution in the event of a second distribution. The final accounting will include a summary of all distributions from the Settlement Fund.

22. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is hereby directed.

23. **Action Closed.** All claims against the Defendant are hereby dismissed with prejudice. This case shall remain open for administrative matters only. The District Court Clerk is hereby directed to close the Action.

**IT IS SO ORDERED.**             **BY THE COURT:**

                                                 /s/ Juan R. Sánchez
                                         **Juan R. Sánchez, J.**